## JOHN G. CURTIN v. P. H. SOMERSET.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS NO. 3 OF PHILADELPHIA COUNTY.

Argued January 27, 1891—Decided February 16, 1891.
[To be reported.]

1. In order that a person who has been injured by an accident may hold another responsible therefor upon the ground of negligence, there must be a causal connection between the negligence and the hurt, and such causal connection must be uninterrupted by the interposition between the negligence and the hurt of any independent human agency.

2. A contractor for the erection of a hotel building, who uses improper material in its construction and in other respects departs from the speci-

Statement of Facts.

fications embodied in his contract, so that the building when completed is structurally weak and unsafe, will not be liable to a guest of the hotel for an injury caused to him by such defective construction, but occurring after the owner has taken possession.

3. The contractor would be responsible to his employer for any loss sustained by the latter in consequence of his failure to erect the building in conformity with the requirements of the contract; but, to one who was not a party to the contract, and between whom and himself no confidence has been exchanged, he owes no duty which will support an action: Godley v. Hagerty, 20 Pa. 387; Carson v. Godley, 26 Pa. 111, distinguished.

(*a*) In an action against a contractor for negligence in the construction of a building, the court charged that the defendant departed from the specifications " glaringly and knowingly," in a manner " for which he could have no excuse except the desire to increase his profits," and that the plaintiff was entitled to recover " for this gross and almost criminal negligence: "

4. Such intense expressions were ill-suited to a judicial charge, and might seriously interfere with a calm and impartial consideration of the facts by the jury; moreover, the instructions thus given were grounds for reversal in assuming the province of the jury, as it was for the jury to pass upon the facts from which the negligence of the defendant was to be found.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, MC-COLLUM and MITCHELL, JJ.

No. 204 July Term 1890, Sup. Ct.; court below, No. 418 December Term 1888, C. P. No. 3.

On January 18, 1889, John G. Curtin brought trespass against Philip H. Somerset, to recover damages for negligence causing personal injuries to the plaintiff. Issue.

At the trial on February 4, 1890, the following facts were shown:

Sometime in the year 1887, the defendant took a contract to erect a hotel building at Sea Isle City, New Jersey, for the Sea Isle City Hotel Company. On June 30, 1888, the building having been completed by the defendant, it was inspected by the architect and building committee of the hotel company and taken off the hands of the contractor. It then passed into the possession of Robert Tagg, as lessee of the hotel company, and was opened by Tagg for the reception of guests.

On July 4, 1888, the plaintiff became a guest in the hotel, and, in the evening of that day, while from twenty to thirty

Charge of Court below.

persons, among whom was the plaintiff, were congregated upon one of the porches of the building, to witness a display of fireworks, one of the girders supporting the porch broke, letting the floor down and causing injuries to the plaintiff.

The girders under the porch were of hemlock, which, as the testimony for the plaintiff tended to show, was not a suitable kind of wood for the purpose, in view of the weight such porches are expected to bear. The use of hemlock for the girders, however, was in accordance with the specifications in the contract between the defendant and the hotel company. Witnesses for the plaintiff testified, also, that the particular girder which broke was cross-grained, and on that account unfit for use ; that it was of less size than was called for by the specifications ; that, where it entered the wall of the building, it was rested on a wooden sill over a window, instead of upon the wall itself, and was notched so as to reduce its width about one half. The testimony, however, tended to show that the point where it gave way was about the middle of its length. There was evidence that both the girders and the joists of the porch were spaced so as to be farther apart than the specifications directed. The height of the girders above the ground was about six feet.

At the close of the testimony, the court GORDON, J., charged the jury in part as follows :

The defence in this case is a purely legal one, and is exclusively for the court ; and, as you have heard it stated by the counsel, it is that this contractor is not liable, because he delivered the building to the hotel company and they accepted it before the accident, and when that transfer was completed, his liability ended. [This action is not against the hotel company, and, if it were, I should have no doubt at all about how I would rule upon the evidence in this case ; and I should be obliged, under all the authorities, as I view them, to hold that the hotel company was not liable ; because, when one employs another to perform work of this kind under an independent contract, and without interfering with the contractor,—when one does all that can be reasonably expected, he is exonerated from negligence or injuries resulting from improper work.] [3]

[Now, the contractor in this case built this house, or was to

Charge of Court below.

build it, in accordance with certain specifications, and he departed from those specifications glaringly and knowingly, in a manner that was vital, for which he could have no excuse except the desire to increase his profits upon this building, and which naturally and almost inevitably resulted in this accident, which, happily, is no greater than it is, but might have been very serious.] [4]

[Now, it may be that the contention of his counsel is right, and that the contractor is not liable, and that for this grave negligence, in which his integrity as well as his skill was relied upon, nobody is responsible, but I am unable to assent to that proposition at this stage, and feel bound, as I view the law, as the natural and inevitable deduction in the case submitted to me, to rule, and I shall rule, in this instance, that this contractor is liable, and therefore, passing that point, I instruct you that you must merely consider the question of damages.] [6] Of course, if I am wrong my brethren can correct me, or the Supreme Court can correct my brethren, and if I should give you binding instructions for the defendant the case would come back again for trial; therefore, it is better, and justice would be done by deciding it, in this instance, against this contractor.

Gentlemen, as I have already said with regard to this claim, [this plaintiff is entitled to recover in this suit for this gross and almost criminal negligence, because I cannot lose sight of the fact that his failure to build this house according to specifications was glaring and utterly indefensible, and the plaintiff is entitled to recover for the injuries he has sustained], [5] and to be compensated for all the money that he has lost, and for all the loss of time, and for the expense he has been at nursing himself, and for all the time which he was necessarily obliged to remain idle, and was thus deprived of his earnings or what he otherwise would have earned; he is also to be compensated for all the pain and suffering which he underwent, or which he may undergo, and also for all the pain and suffering or discomfort which may in the future be occasioned by the injuries to his ankle. . . . . .

The court is requested by the defendant to charge as follows:

1. If Somerset, the defendant, was the contractor for the

erection of the hotel in question, for the Sea Isle City Hotel Company, the owner, and, after completion, delivered possession of it to the said Sea Isle City Hotel Company on June 30, 1888, which company accepted it, and if the accident in question happened after June 30, 1888, and while said owner, or its lessee, was in possession, then the plaintiff is not entitled to recover against the defendant.

Answer: Refused.[1]

2. Under all the evidence, the verdict should be for the defendant.

Answer: Refused.[2]

The jury returned a verdict for the plaintiff for $4,000. A rule for a new trial having been discharged and judgment entered, the defendant took this appeal, assigning for error:

1, 2. The refusal of defendant's points.[1][2]

3–6. The parts of the charge in [ ] [3 to 6]

*Mr. E. Cooper Shapley*, for the appellant:

1. The accident having happened after the building was completed and the hotel company had accepted and taken possession of it, and when it was in the possession of that company, or its lessee, this action cannot be maintained against the defendant: Wharton on Negl., §§ 439, 440; Collis v. Selden, L. R. 3 C. P. 495; Winterbottom v. Wright, 10 M. & W. 115; Blakemore v. Railway Co., 8 El. & Bl. 1035; Loop v. Litchfield, 42 N. Y. 351 (1 Am. Rep. 543); Losee v. Clute, 51 N. Y. 494 (10 Am. Rep. 638); Hydraulic Works v. Orr, 83 Pa. 335; Boswell v. Laird, 8 Cal. 469 (68 Am. Dec. 345); Francis v. Cockrell, L. R. 5 Q. B. 184, 501; Heanen v. Pender, L. R. 11 Q. B. 503, (reversing the decision in the same case, reported in L. R. 9 Q. B. 302). A contractor is not responsible for following improper plans and specifications of the owner; he is responsible, as between himself and his employer, only for the fulfilment of his agreement: Reynolds v. Braithwaite, 131 Pa. 416.

2. If the plans are slightly deviated from, in an open, visible point of construction, and the owner examines and adopts the variation, and accepts the building after examination, it is the same as if the plans had been originally so made by the

owner. In the present case, even if the structure varied from the plans in any way, the defendant is not liable, because the construction was approved by both the architect and the building committee. All the cases in Pennsylvania, in which actions such as this have been sustained against contractors, have been cases in which the accident happened during the course of the construction, and while the contractor was in possession. They rest on the principle that, pending the performance of the work, he is to a certain extent substituted for the party for whom the work is performed: Reynolds v. Braithwaite, 131 Pa. 416; See also Godley v. Hagerty, 20 Pa. 387, charge of Mr. Justice BELL.

3. The Pennsylvania rule as to the liability of owners is this: If, at the time of the acceptance of the work by the owner from an independent contractor, the owner knew, or ought to have known, or from a careful examination could have known, that there was any defect in the work, he is responsible for an injury caused to a third person by such defect: Chartiers V. Gas Co. v. Lynch, 118 Pa. 362; Berberich v. Ebach, 131 Pa. 165; Walden v. Finch, 70 Pa. 460; Mansfield Coal & C. Co. v. McEnery, 91 Pa. 185. For the English rule, see: Francis v. Cockrell, L. R. 5 Q. B. 501; and, as to the rule in other states, see Gorham v. Gross, 125 Mass. 232; Khron v. Brock, 144 Mass. 516; Barry v. Terkildsen, 72 Cal. 234. See also Milnes v. Smith, 2 Dow. 390; Whittaker's Smith on Negl., 170. Wherefore, the court erred in directing a verdict for the plaintiff, the following questions of fact being for the jury: (*a*) Whether there was a delivery and acceptance in such circumstances as relieved the contractor; (*b*) whether the girder broke because its material was hemlock; (*c*) whether the specifications were varied from, and whether any such variation was with the owner's knowledge; and (*d*) whether any defect existed at the time of the delivery to the owner: Berberich v. Ebach, 131 Pa. 165. And the strong language used by the court in the charge was unfair.

*Mr. Joseph S. Goodbread*, for the appellee:

1. If the owner of the hotel building contracted with a skilled and competent builder and architect, who had the supervision and control of the work, the owner is not liable for an accident that happened by reason of the faulty construction

Opinion of the Court.

of the building, unless in case of a neglect to repair the defects from which the accident arose, after knowledge thereof: Mansfield Coal & C. Co. v. McEnery, 91 Pa. 185; Meany v. Abbott, 6 Phila. 256; Walden v. Finch, 70 Pa. 460; Painter v. Pittsburgh, 46 Pa. 222; Blake v. Ferris, 5 N. Y. 48 (55 Am. Dec. 304); Hilliard v. Richardson, 3 Gray 349; Chartiers V. Gas Co. v. Lynch, 118 Pa. 370; Ardesco Oil Co. v. Gilson, 63 Pa. 151; Rapho Tp. v. Moore, 68 Pa. 408; Rigony v. Schuylkill Co., 103 Pa. 385.

2. It was the defendant's duty to construct the porch in such a manner, and with such materials, as that it would be safe and suitable for the use for which it was intended, to wit, as a hotel porch, and this duty he owed to the public. The owner or tenant could not have ascertained the departures from the specifications and the unsuitable character of the material used, by an inspection, however critical, without taking down the porch, or tearing out the wall, and scraping off the paint which concealed the cross-grain of the wood. In such circumstances, the owner and tenant are not liable. But the builder is liable for an accident caused by the insufficiency of the structure for its intended purpose: Godley v. Hagerty, 20 Pa. 387; Carson v. Godley, 26 Pa. 111.

3. The true question is, whether the defendant has committed a breach of duty apart from the contract. If he has done so, by committing an act of negligence, imminently dangerous to the lives of others, he is liable to the party injured, whether there was a contract between them or not: Smith on Negl., 7; Longmeid v. Halliday, 6 L. & E. R. 562; McKain v. Elkin, 27 Pittsb. L. J. 169; Thomas v. Winchester, 6 N. Y. 397 (57 Am. Dec. 455). In Winterbottom v. Wright, 10 M. & W. 109, relied on by the defendant, the declaration was expressly upon a duty created by contract, and not by law, and, moreover, that case was emphatically overruled in Heanen v Pender, L. R. 11 Q. B. Div. 503, as was also Collins v. Selden, L. R. 3 C. P. 495, cited by defendant. In Boswell v. Laird, 8 Cal. 469 (68 Am. Dec. 345), the part of the opinion relied on by the defendant is a mere dictum.

OPINION, MR. CHIEF JUSTICE PAXSON:

The defendant, Philip H. Somerset, entered into a contract

with the Sea Isle City Hotel Company, for the erection of a hotel building, at Sea Isle City, according to certain plans and specifications. The building was completed, and accepted by the hotel company in the presence of their architect and the chairman of the building committee. Subsequently, at an entertainment given at the hotel by the proprietor or lessee, a crowd of persons, some twenty or more, having collected on the porch, a girder, which in part supported it, gave way, the porch fell, and by reason thereof the plaintiff was injured. He brought this suit in the court below against the contractor, to recover damages for the injury he thus sustained, with the result of a verdict in his favor for $4,000.

Upon the trial, the defendant asked the court below to instruct the jury that " if Somerset, the defendant, was the contractor for the erection of the hotel in question, for the Sea Isle City Hotel Company, the owner, and after completion delivered possession of it to the said Sea Isle City Hotel Company on June 30, 1888, which company accepted it, and if the accident in question happened after June 30, 1888, and while said owner or his lessee was in possession, then the plaintiff is not entitled to recover against the defendant." See first assignment. This point was refused, and it fairly presents the important question in the case.

The contention of the plaintiff is that the accident was caused by the defective construction of the porch; that it was not according to the plans and specifications called for by the contract; that timbers inferior in size and quality to those called for by the plans were used; that these defects were not observable after the building was completed, and, in point of fact, were unknown to the company when it accepted the building from the contractor.

We must assume these allegations as substantially found by the jury, and the question arises, what is the responsibility of the contractor under such circumstances? That he would be responsible to the company for any loss sustained by it in consequence of his failure to erect the building in conformity to the plans and specifications, may be conceded. There was a contractual relation between them, and for breach of a contract, not known to and approved by the company, he would be liable. Is he also liable for an injury to a third person not a party to

the contract, sustained by reason of defective construction? It is very clear that he was not responsible by force of any contractual relation, for, as before observed, there was no contract between these parties, and hence there could have been no breach. If liable at all, it can only be for a violation of some duty. It may be stated, as a general proposition, that a man is not responsible for a breach of duty where he owes no duty. What duty did the defendant owe to the plaintiff? The latter was not upon the porch by the invitation of the defendant. The proprietor of the hotel, or whoever invited or procured the presence of the plaintiff there, may be said to have owed him a duty,—the duty of ascertaining that the porch was of sufficient strength to safely hold the guests whom he had invited. The plaintiff contended, however, that as the hotel company was not responsible, the contractor must necessarily be so. This, however, is moving in a circle. It by no means follows that, because A is not responsible for an accident, B or some other person must be.

Authorities are not abundant upon this point, for the reason that it is comparatively new. I do not know of any direct ruling upon it in this state. The true rule, which we think applicable to it, may be found in Wharton on Negligence, 2d ed., § 438. It is as follows:

" There must be causal connection between the negligence and the hurt; and such causal connection is interrupted by the interposition between the negligence and the hurt of any independent human agency. . . . . Thus, a contractor is employed by a city to build a bridge in a workmanlike manner, and, after he has finished his work and it has been accepted by the city, a traveler is hurt when passing over it by a defect caused by the contractor's negligence. Now, the contractor may be liable on his contract to the city for his negligence, but he is not liable to the traveler in an action on the case for damages. The reason sometimes given to sustain such a conclusion is that otherwise there would be no end to suits. But a better ground is that there is no causal connection between the traveler's hurt and the contractor's negligence. The traveler reposed no confidence in the contractor, nor did the contractor accept any confidence from the traveler. The traveler, no doubt, reposed confidence in the city that it would have its

bridges and highways in good order; but between the contractor and the traveler intervened the city, an independent, responsible agent, breaking the causal connection."

In § 438, the same learned author refers to the case of a contract with the postmaster general to furnish certain roadworthy carriages; and after the delivery of the carriages the plaintiff is injured in using one of them, by reason of the carriage having been defectively built. "No doubt," says Mr. Wharton, "had the carriage been built for the plaintiff, he could have recovered from the contractor. But there is no confidence exchanged between him and the contractor; and between them, breaking the causal connection, is the postmaster general, acting independently, forming a distinct legal centre of responsibilities and duties." This rule is distinctly recognized in Winterbottom v. Wright, 10 M. & W. 115. There, one Atkinson contracted with the postmaster general to provide a mail coach to carry the mail-bags over a certain route. The driver was injured while in this service, from a hidden defect in the coach. In a suit by him against Atkinson, it was held that he could not recover, ALDERSON, J., saying: "The contract in this case was made with the postmaster general; and the case is just the same as if he had come to the defendant and ordered a carriage, and had handed it at once over to Atkinson. The only safe rule is to confine the right to recover to those who enter into the contract; if we go one step beyond that, there is no reason why we should not go fifty."

Francis v. Cockrell, L. R. 5 Q. B. 501; Heanen v. Pender, 11 Q. B. 503; Collis v. Selden, L. R. 3 C. P. 495; and other English cases, recognize the doctrine that in such instances there is no duty owing from the contractor to the public. As was said by MARTIN, B., in Francis v. Cockrell, supra: "The law of England looks at proximate liabilities as far as possible, and endeavors to confine liabilities to the persons immediately concerned." In Losee v. Clute, 51 N. Y. 494, it was held that the manufacturer and vendor of a steam-boiler is only liable to the purchaser for defective materials, or for any want of care and skill in its construction; and if, after delivery to and acceptance by the purchaser, and while in use by him, an explosion occurs in consequence of such defective construction,

to the injury of a third person, the latter has no cause of action, because of such injury, against the manufacturer.

We do not find that any of the cases cited on behalf of the plaintiff conflict with the above views. In Godley v. Hagerty, 20 Pa. 387, the builder was the owner, and he was properly held responsible for an inherent weakness in the building by which an accident occurred. In Carson v. Godley, 26 Pa. 111, the warehouse was erected under the personal superintendence of the owner, and having leased it to the government, he was held liable to a person whose goods were destroyed by the fall of the building, in consequence of its insufficiency for the purpose for which it was erected and leased. In Thomas v. Winchester, 6 N. Y. 397, the court held a dealer in drugs and medicines, who carelessly labels a deadly poison as a harmless medicine, and sends it so labeled into market, to be liable to all persons who, without fault on their parts, are injured by using it. We think this case was correctly decided, but it has no application. The druggist owed a duty to every person to whom he sold a deadly poison, to have it properly labeled to avoid accidents. Just here the analogy between this case and the one in hand ceases. The defendant owed no duty to the public, as before stated; his duty was to his employer.

We need not pursue the subject further. We regard the weight of authority as with the views above indicated. Moreover, they are sustained by the better reason. The consequences of holding the opposite doctrine would be far reaching. If a contractor who erects a house, who builds a bridge, or performs any other work; a manufacturer who constructs a boiler, piece of machinery, or a steamship, owes a duty to the whole world, that his work or his machine or his steamship shall contain no hidden defect, it is difficult to measure the extent of his responsibility, and no prudent man would engage in such occupations upon such conditions. It is safer and wiser to confine such liabilities to the parties immediately concerned. We are of opinion that the defendant's first point should have been affirmed. So, also, his second point, which asked for a binding instruction in his favor.

This disposes of the case, and we would stop here, were it not that we do not wish any conclusion to be deduced from our silence in regard to the portions of the charge referred to

Syllabus.

in the fourth and fifth assignments. In these portions of the charge, the learned judge used very strong expressions in regard to the alleged departure of the contractor from his plans and specifications. When the court characterizes such departure as "gross and almost criminal negligence," and as "glaringly and knowingly" done, "for which he could have no excuse, except the desire to increase his profits," the defendant has not much chance with the jury. Such intense expressions are ill-suited to a judicial charge, and may seriously interfere with a calm and impartial consideration of the facts by the jury. More than this, it was assuming the province of the jury, for the facts are for them. Were there nothing else in the case, we would reverse upon these assignments alone. We prefer, however, to place our decision upon a ground which controls the case.

Judgment reversed.