The opinion of the Court was delivered by
Watkins, J.
This is an action for the recovery of damages ex delicto, the charge, substantially, being that plaintiffs’ property having been insured by the defendants, a loss by fire having occurred, and they, having exercised an option of the contract to repair the fire damage done to the building, did the work so faultily, that the structure collapsed and become untenantable and hence they have been deprived of its use and enjoyment.
The defendants tendered a plea of no cause of action, and it having been sustained and the suit dismissed, the plaintiffs have prosecuted this appeal. The proposition for the consideration of this court is simply whether the truth of plaintiffs’ averments being admitted, can a valid and exigible judgment be predicated upon the petition. The petition is elaborate and appears to have been drawn with care and precision.
It alleges the contract of insurance and a loss occasioned by a fire in the adjoining building whereby plaintiffs’ building was seriously injured during the tenure of the contract. That the defendants exercised the option of the contract of insurance and undertook to repair, rebuild or replace the property lost or damaged within a reasonable time. That the injury plaintiffs’ building sustained by the fire was not of a character or of that extent to make it untenantable, but the defendants employees and workmen performed their work so carelessly and unskilfully that the building collapsed and became untenantable on that account, requiring its entire reconstruction.
That at the time of this work of repair the building was under lease to a responsible tenant at a monthly rental of four hundred and thirty-seven dollars and fifty cents, which was revoked by the demolition of the building, the tenant on that account having declined to pay his rent.
Upon the foregoing averments the prayer of the petition is for judgment against defendants in solido for the sum of five thousand and seven dollars and sixty cents in money as the resulting damages sustained.
*1033 This is in no sense a suit for damages ex contractu or ex quasi contractu; but a suit for damages ex delicto. The defendants are not sued for rent, but the contract of rent is pointed out as clearly indicating the measure of the plaintiffs’ damages. This is clearly shown by the averment of the petition, to the effect that they notified the defendants “that if the lease was annulled they would be held liable to petitioners for the loss of rent thereby as damages resulting through their fault.”
Surely that is not an appropriate averment in a suit upon a contract. True it is, that there had subsisted and was still subsisting between the parties a contract of fire insurance, but the defendants had elected to repair the fire damage and place the building in the same good condition it was before the fire. That work had been undertaken and was in progress. There was no objection or demurrer made to that election by the defendants. In that manner the relative rights of the parties had been adjusted. But the building being tenantable and still occupied by the plaintiffs’ lessee, an accident occurred, the building collapsed, and the tenant abandoned the leased premises, all on account of the fault and negligence of the defendant’s workmen and employees, and the faultiness of their workmanship and material. This suit is for the purpose of recouping the loss sustained through this negligence and fault.
Admitting the foregoing statement of facts, substantially, the judge a quo makes the assignment of his reasons for his judgment, viz.:
“For the purpose of this suit, the contract of insurance is virtually out of the case, and the plaintiffs are in the same position as though they were suing for damages resulting from the careless and unskilful execution, by the defendants, of a contract for the repair of the building in question.
‡‡‡‡‡‡‡‡
“The exception, in my opinion, is well taken. The loss sustained by plaintiffs by reason of the cancellation of their contract of lease, with Meyer & Bro. was not a loss which could be said to have been within the contemplation of the parties to the contract under which, the building was being repaired.”
In our opinion, the learned judge of the District Court has'misap-prehended, altogether, the scope and purpose of plaintiff’s suit. It; has nothing whatever to do with the contractual relations of the. *1034 parties growing out of the contract of insurance which was resolved into a building contract. The defendants will carry that engagement to its completion according to its tenor. If they should not, the plaintiffs would have their action for a specific performance, or commensurate damages.
But, in the meanwhile — the necessary repairs being in course of •completion — an accident is caused by the faultiness of the materials which are being used, and the carelessness and negligence of the workmen employed, whereby the structure is collapsed, the building rendered untenantable, and the lessees unable to continue its occupancy for the purposes of his lease.
In this situation plaintiffs institute suit for the recovery of the damages they have suffered by the loss of a tenant through the fault and negligence of defendant’s employees.
The theory of their case is, that defendants could have carried the repairs to completion, fulfilled their contract to their satisfaction, without disturbing their tenant in the least, provided their employees had exercised due care, and used proper materials; but having failed to do so, they are bound to reimburse their loss.
With due regard to the appreciation which our learned brother entertained of plaintiffs’ petition, we think it states a cause of action.
It is therefore ordered and decreed that the judgment appealed from be annulled and reversed; and it is now ordered and decreed that the cause be remanded to the court a qua with directions to the court a qua to reinstate the cause, and take further proceedings according to law. And it is further ordered and decreed that the costs of appeal be taxed against the defendants and appellees, and that all other cost await the final decree of the lower court.