The judgment appealed from is accordingly affirmed.

---

(58 South. 140.)

No. 18,801.

BURKE v. WERLEIN et al.

(March 25, 1912.)

*(Syllabus by the Court.)*

MUNICIPAL CORPORATIONS (§ 809*)—OFFENSES AND QUASI OFFENSES — JOINT LIABILITIES.

One who causes an excavation to be made in a sidewalk and covered with boards, which invite a pedestrian to walk on them, but which break beneath his weight, thereby precipitating him into the excavation and injuring him, and one who actually does the things mentioned, may be held liable, in solido, to the person injured; and, as they may be sued together originally, there is no reason why they should not be brought together, as defendants in the same suit, by supplemental petition, seasonably filed.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1688–1694; Dec. Dig. § 809.*]

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by Thomas J. Burke against Philip Werlein and another. From a judgment sustaining exceptions of misjoinder and no cause of action by defendant James Geary, plaintiff appeals. Reversed, and exceptions overruled.

Roger Meunier, for appellant. Merrick, Lewis, Gensler & Schwarz, for appellee Werlein. P. M. Milner, for appellee Geary.

MONROE, J. Plaintiff demands damages of defendant, on the ground that he (defendant) owns certain premises on Bienville street, in this city, in front of which he caused an excavation to be made, and unnecessarily and illegally left open, and had covered it with boards, which appeared to be intended, and to be safe, for pedestrians to walk on, but which broke when so used by him (plaintiff), whereby he was precipitated into the excavation and injured. By supplemental petition, plaintiff alleges that there was a building contract between Werlein and James Geary, which necessitated the making of the excavation referred to in the original petition; that Werlein, as owner, reserved to himself "complete control and supervision of the work to be performed thereunder," and caused said excavation "to be dug through the agency of said Geary"; that "across said excavation the defendants had placed boards, for the purpose of permitting pedestrians to cross the said sidewalk over said excavation"; that he met with the accident whilst walking along the sidewalk and exercising due caution; and he prays for judgment against the parties named, in solido. Werlein filed exceptions of vagueness and "no cause of action," and Geary of misjoinder and no cause of action; and, the exceptions filed by Geary having been maintained, and the suit, as to him, dismissed, plaintiff has appealed.

One who causes an excavation to be made in a sidewalk, and covered with boards, which invite a pedestrian to walk on them, but which break beneath his weight, precipitating him into the excavation and injuring him, and one who actually does the things mentioned, may be held liable, in solido, to the person injured; and, as they may be sued together originally, there is no reason why they should not be brought together, as defendants in the same suit, by supplemental petition, seasonably filed. The exceptions of misjoinder and no cause of action were therefore improperly maintained, and the judgment appealed from is accordingly avoid-

ed and reversed, the exceptions overruled, and the case remanded to the district court for further proceedings according to law.