### No. 9110
### Orleans

---

## SAMUEL FEIN v. R. FINKELSTEIN, Appellant

---

(November 16, 1925, Opinion and Decree)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Evidence—Par. 351.**
Upon questions of fact judgment will be rendered in accordance with the preponderance of the testimony.

Appeal from the Civil District Court. Hon. Wm. H. Byrnes, Judge.

This is a suit upon a building contract.

There was judgment for plaintiff and defendant appealed.

Judgment amended.

Howell Carter, Jr., of New Orleans, attorney for plaintiff, appellee.

Scott E. Beer, of New Orleans, attorney for defendant, appellant.

CLAIBORNE, J. This is a suit upon a building contract.

Plaintiff is a contractor. He alleged that in March, 1922, he made a written contract with the defendant to put up show windows for the price of $850.00 according to a blue print annexed to his petition upon the property of the defendant, Nos. 536 38 Canal street; that as appears from said blue print two columns were to be erected in front of said windows, with plate glass in the windows and upon the columns; that during the progress of the work the following extras were ordered by the defendant:

First: Mirrors instead of plate glass in the two columns.

Second: Two extra columns in front, making four instead of two with mirrors, $150.00.

Third: Two extra coats of paint on the windows, and scraping the floors of the windows and putting shellac and painting the front of the building, $75.00.

Fourth: Making over the door to the elevator and transoms with hinges, $25.00; making in all $250.00.

That he had been paid on account of said work the sum of ................$400.00

The defendant has paid for the plate glass ................................................ 317.67

$717.67

Leaving a balance due plaintiff on original contract of ................$132.33

And for extra work ..........................  250.00

Balance due ..................................$382.33

Which plaintiff claims with privilege on the building.

The defendant, Finkelstein, answered that the original sketch submitted by him to the plaintiff for his bid showed four columns and not two, with mirrors on each side of the four posts; that the plaintiff submitted to him a blue print, which he said was a copy of said sketch, together with a contract; that defendant, assuming that the blue print was the same as the sketch, as plaintiff said it was, signed the contract without examining the blue print, and to that extent he was deceived by the statements of plaintiff; he denied that any changes were made to the contract or that any of the work done by plaintiff constituted extras.

The District Court found that there was a balance due on the original contract of $65.00, and allowed $250.00 for the extras.

Defendant appealed.

However reluctant we are to differ from the trial judge upon a question of fact, our duty compels us to decide according to our convictions after reading the testimony.

One witness, a builder, testifies that the defendant called upon him for a bid to construct the two show windows according to the sketch calling for four columns.

Two witnesses, clerks of the defendant, swear that the plaintiff was asked to make a bid according to that sketch; one witness swears he helped to draw the sketch; that the plaintiff suggested the propriety of having a blue print made; that he took away the sketch and returned with the blue print and stated that it was in accordance with the sketch; that the defendant then and there agreed upon a price of $850.00 and prepared a written contract to do the work according to the blue print which was annexed to the contract and marked A; that a few days before the completion of the work the plaintiff told them he was losing money on the job but he would get his money anyhow by suing the defendant; that it was then discovered that the blue sketch called for only two columns instead of four.

The defendant testifies that he drew the sketch filed in evidence; that it provided for four columns; that plaintiff took it away to make a blue print of it and to make his bid; that he returned one morning when defendant was about to take the train for Pascagoula and exhibited a blue print which he said was the same as the sketch; he did not look at it; in a hurry he drew up a contract and signed it; he found afterwards that the blue print mentioned only two columns; that plaintiff never mentioned any extra until after the work was completed.

The plaintiff swears he never saw that sketch and never heard of it. In order to believe him we must disregard the testimony of all the other four witnesses. This we cannot do under the rules of evidence controlling us.

Therefore we cannot allow plaintiff the $150.00 claimed by him for the two columns.

Plaintiff says that he had figured on $317 for putting the glasses and mirrors. The defendant paid the Pittsburg Glass Company $385. We will allow plaintiff the difference between the two, say $68. This figure of $317 would go to prove that the plaintiff had calculated putting in four columns.

The defendant says that he paid the plaintiff in cash $65.00 balance due him. The plaintiff denied this. The burden of proof was on defendant. He has not met it. He must pay $65.00.

He owes also $30.00 for the extra painting of the front of the house done by Tubwitz and $25.00 for repairing the elevator and transoms, making a total of one hundred and eighty-eight dollars.

It is therefore ordered that the judgment herein be amended by reducing the amount of the judgment in favor of plain-

tiff from three hundred and fifteen dollars to one hundred and eighty-eight dollars, with five per cent per annum interest from June 2, 1922, till paid, and all costs of suit with builder's privilege upon the property, 536-538 Canal street, in the square bounded by Common, Camp and Magazine streets.