## MAHON v. SPENCE

———

(June 24, 1929. Opinion and Decree.)
(October 21, 1929. Rehearing Refused.)
(December 3, 1929. Writ of Certiorari and
Review Refused by Supreme Court.)

———

Normann, Breckwoldt & Schwartz, of New Orleans, attorneys for plaintiffs, appellees.

Milner & Porteous, P. M. Milner, of New Orleans, attorneys for defendant, appellant.

JANVIER, J.   James Richard Smith, a steel worker and riveter, was killed as the result of a fall from a building being erected for the Orange Grove Refining Company, near Braithwaite, Plaquemines Parish, La.

Spence had been employed to place in position and bolt together the various members constituting the steel framework of the building.   His contract did not include the riveting together of those members, the work of riveting having been undertaken by the owners themselves.

Smith was employed by the owners as a riveter and his work commenced after the work of Spence was completed.

On the morning of December 1, 1924, Smith, while operating a riveting machine, attempted to brace himself on a steel bar known as a sagger bar, which had been placed in position by the employees of Spence, but which had been bolted only at one end, and which pulled out of its bearing on the other end, with the result that Smith fell to the ground about thirty-five feet below.   The bar should have been bolted at both ends.

This suit is brought by the parents of the deceased, who seek to hold Spence liable on the ground that the death of their son was caused by the negligence of the employees of Spence in not properly bolting the bar.

It is admitted that the parents have already recovered from the employers of Smith compensation under the state compensation laws.

Smith's employers, by intervention, ask that the amount which they have paid in compensation be returned to them out of such judgment as may be awarded to plaintiffs.

Defendant resists payment, contending that there is no privity of contract between him and plaintiffs, and that, if plaintiffs have any cause of action, it is solely against the employers and results from the failure of the employers to furnish a safe place to work.

It is manifest that the proximate and sole cause of the accident was the negligence of Spence's employees in failing to properly bolt into place the sagger bar, against which Smith braced himself. Their failure in this regard created what seems

to us to have been a trap, and if, as the evidence shows to be the case, in the usual course of events, it was customary for riveters, or other structural workers, to make use of these bars for bracing themselves, then it would appear that the failure of Spence's employees in this regard constitutes actionable negligence.

It is quite true that there was no contractual relationship between Smith and Spence, and that Spence was under no contractual obligation to furnish to Smith a safe place to work. However, it was Spence's duty to perform his contract in such a manner that those who might thereafter come into contact with his work might not, by using it in the ordinary, customary way, be injured as a result of defects therein.

The situation is the same as if Spence's workmen had erected for the owner a scaffold to be used by the owner's employees. It is evident that those employees would have had a cause of action against the contractor for injuries sustained as a result of defects in the scaffold.

In such a situation as that to which we have just referred (Devlin vs. Smith, 89 N. Y. 470), the court held that a contractor who built a scaffold for a painter was liable for injuries sustained by employees of the painter, upon the ground that the contractor who built the scaffold invited the painter's workmen to use it, and on the ground that the contractor knew that the scaffold, if improperly constructed, was a most dangerous trap and that he knew that it was to be used by the workmen painting the building. The court further held that the contractor owed those workmen a duty, irrespective of their contract with their master.

The entire question is one not of contractual obligation, but of liability imposed by law.

We concede that this liability does not exist in favor of the general public, but only for the benefit of those who may, in the ordinarily contemplated course of events, be brought into contact with the defective work. That the law requires the master to furnish to the employee a safe place to work and that, therefore, the master, in the absence of compensation laws, might have been liable in tort, will not relieve Spence of his responsibility, because, to the extent that Smith was justified in using the sagger bar as a brace, Spence was, in effect, the agent of the employer for the purpose of making safe the place furnished for the performing of the work.

Since it was customary for riveters to brace themselves against sagger bars, and since Spence was an experienced contractor, he is charged by that experience with knowledge of the fact that the bars would be so used.

He also knew that his work did not complete the building; that others had to do the riveting, and that still others had to attach the metal covering, and that those others had to make use of his work in performing theirs.

In Sherman & Redfield's Law of Negligence, 5th ed., vol. I, sec. 116, page 183, we find what appears to be a very good statement of the rule applicable:

"The true question always is: Has the defendant committed a breach of duty, apart from contract? If he has only committed a breach of contract, he is liable to those only with whom he has contracted; but if he has committed a breach of duty, he is not protected by setting up a contract in respect of the same matter with another person."

Counsel for defendant says in his brief:

"Suppose you are erecting structural steel and a column falls or a beam falls or rods fall or nuts or tools fall and hurt somebody, you are liable."

This is quite true and it is also true that if one is erecting structural steel and so erects a column or a beam that another, whose duties require him to lean against the column, or to step upon the beam, is hurt because the column or the beam is not properly attached, the contractor at fault is liable to the person injured. For what length of time this possibility of liability remains extant, we find it unnecessary to determine. Whether Spence would have been liable to an employee of the owner, who, years after the erection of the building, might find it necessary to climb upon a sagger bar, we do not undertake to say, because it might well be argued that it was not within the contemplation of the parties that these bars would form a perpetual scaffold on which it might be contemplated that employees would at all times in the future find it necessary or convenient to climb. Suffice it to say that it was almost a certainty that, in the completing of the construction work, someone would step upon the particular bar in question, and the probability of such a happening is what renders defendant liable.

We do not think that defendant's plea of prescription is well founded. The original petition alleged that Smith was employed by Ansonia Iron & Copper Company, and that Spence was employed by that company to erect the steel framework. To this petition answer was filed, alleging that Smith was employed by Orange Grove Refining Co., Inc.

Thereupon, supplemental petition was filed, alleging what seem to be the true facts.

As this supplemental petition was filed more than one year after the death of Smith, defendant, contending that the issues had been changed by this supplemental petition, filed a plea of prescription of one year. It does not appear to us that the issues were changed to the detriment of defendant. By the filing of the first suit, all necessary matters were brought to his attention and such new allegations as were contained in the supplemental petition were of no material harm to the legal position of defendant.

In the syllabus of Southern Iron & Equipment Co. vs. Cardwell Stave Co., 154 La. 109, 97 So. 332, we find the following:

"The law favors the amendment of pleadings to avoid injustice, when amendment does not make the situation better for the party amending or worse for the other party than if the new allegations had been made in the original pleadings."

To the same effect, we said in James M. Delaney vs. Mrs. Charles Little, 3 La. App. 348:

"The tendency of modern practice is to yield as little as possible to technicalities and to afford aid as far as practicable to the filing of amendments which work no injury and prevent useless delays and costs and subserve justice."

As an additional defense, defendant contends that Smith was guilty of contributory negligence in standing or placing himself against the bar. The evidence convinces us, as we have already said, that it was quite customary for these bars to be used for the purpose for which Smith used them. Therefore, there was no negligence on the part of Smith in so using the bar, unless he could see that it was not properly fastened. His view of the ends of the bar was obstructed by the flanges of "I" beams. He was justified in assuming that

608

the bar had been properly fastened and there was no obligation on his part, before leaning against the bar, to examine both ends of it. We do not believe that he was guilty of contributory negligence.

Smith's employers, having settled with plaintiffs under the compensation laws of Louisiana, have, by way of intervention, asked that they be reimbursed to the extent of such settlement ($3,285) out of such judgment as plaintiffs may recover. To this the employers are entitled under the act. (Section 7 of Act 20 of 1914, as amended by Act 247 of 1920.) But defendant contends that, since the intervention was not properly served on defendant, interveners cannot obtain a judgment directly against defendant. In this defendant is correct, and, intervener having failed in this regard, must recover through and only through plaintiffs. The judgment below in favor of interveners was against plaintiffs only and not against defendants.

The trial court awarded plaintiffs a judgment for $7,500. Under the circumstances of the case it seems to us that this award was correct and we find no request that it be either increased or reduced.

The interveners have asked for reimbursement to the extent of $3,285, and to this they are entitled out of the judgment awarded plaintiffs.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is affirmed, at the cost of appellant.