## SCHOTT et al. v. INGARGOLIA et al.

### No. 16677.

Court of Appeal of Louisiana. Orleans.

April 18, 1938.

Anna Judge Veters and S. Sanford Levy, both of New Orleans, for appellants.

Azzo J. Plough, of New Orleans, for appellee.

McCALEB, Judge.

The plaintiffs have appealed from a judgment dismissing their suit for damages as against the defendant Alex L. Redden on an exception of no right or cause of action. The pertinent allegations of their petition are as follows:

That on October 5, 1935, while one of the plaintiffs, Mrs. Mumme, was a guest in the premises 4739 Dauphine street in the city of New Orleans, having been invited there by the owner, Lawrence Ingargolia, she sustained serious personal injuries when the building collapsed as a result of vices and defects in its construction. They further averred that the owner is liable for the damages they sustained; that the defendant Redden is also responsible in solido because, during the year 1932, he, acting under a contract with Ingargolia, repaired, altered, and reconstructed the dwelling, and that his work was performed in a defective and unskillful manner.

Under articles 670 and 2322 of the Revised Civil Code, an owner of a building is accountable in damages where it falls because he has failed to repair it or as a result of the vices and defects in its construction. But we are not concerned here with the responsibility of the owner as he is not before us, and our inquiry is limited by the appeal to the correctness of the decision below, which exonerated the contractor from liability on an exception of no right or cause of action.

The action, with respect to the defendant Redden, is grounded in tort under article 2315 of the Civil Code, which makes all persons answerable for the damages caused by their fault. The problem to be solved is whether a contractor is liable to a third person who is injured by the fall of a building which he (the contractor) constructed three years prior to the accident, it being admitted (for the purposes of trial of the exception of no cause of action) that the collapse was directly occasioned by his unskillful and defective workmanship.

The principle governing the case has been succinctly set forth in 14 Ruling Case Law, § 42, as follows:

"The general rule is well established that an independent contractor is not liable for injuries to a third person, occurring after the contractor has completed the work and turned it over to the owner or employer and the same has been accepted by him, *though the injury result from the contractor's failure to properly carry out his contract.*" (Italics ours.)

Applying this doctrine to the allegations of the plaintiffs' petition, it would seem clear that no cause of action is stated against Redden. His contract with the owner, Ingargolia, had been completed approximately three years before the accident. It therefore follows that, at the time of the occurrence, he owed to Mrs. Mumme no duty of care, and that the owner of the building, who had the custody and control of it, assumed full responsibility for its condition.

The above-cited section of Ruling Case Law further informs:

"When the work is finished by the contractor and accepted by the employer, the latter is substituted as the responsible party for existing defects, and the same rule is applied to subcontractors so as to relieve them from liability to the original employer where their work has been finished and accepted by the original contractor. *The reason for the substitution of liability is found in the general doctrine that an action for negligence will not lie unless the defendant was under some duty to the injured party at the time and place where the injury occurred which he has omitted to perform.*" (Italics ours.)

Copious citations from the federal courts, and other courts of last resort of our sister states, are found in the footnote of that work, which sustain the principle set forth. Indeed, this doctrine seems to have the unanimous approval of all the courts and text-writers. For instance, Mr. Cooley, in his Treatise on the Law of Torts, 4 Ed., vol. 3, § 498, remarks:

"The general rule is that a contractor, manufacturer, vendor, or furnisher of an article is not liable to third parties *who have no contractual relations with him* for negligence in the construction, manufacture, or sale of such article. * * * In Curtin v. Somerset, (140 Pa. 70, 21 A. 244 [12 L.R.A. 322, 23 Am.St.Rep. 220]) the defendant contracted with a company to erect a hotel. After the work was completed and accepted, the plaintiff, a guest

in the hotel, was injured by the fall of a porch, due to inferior construction and a failure of the defendant to comply with the plans and specifications. A recovery was denied and the general rule above stated was applied. 'The consequences of holding the opposite doctrine' says the court, 'would be far reaching. If a contractor who erects a house, who builds a bridge, or performs any other work; a manufacturer who constructs a boiler, piece of machinery, or a steamship, owes a duty to the whole world, that his work or his machine or his steamship shall contain no hidden defect, it is difficult to measure the extent of his responsibility, and no prudent man would engage in such occupations upon such conditions. It is safer and wiser to confine such liabilities to the parties immediately concerned.' " (Italics ours and parentheses ours.)

The case, from which Mr. Cooley quotes with approval, is indistinguishable, in principle, from the case at bar. Of course, there are certain exceptions to the general rule which have been recognized in cases where the work is a nuisance or the article is inherently dangerous, but these limitations do not apply to the facts stated in the petition under consideration.

Counsel for the plaintiffs, nevertheless, tell us, in oral argument and in brief, that the established rule of the common law is not maintainable in Louisiana and the following cases are cited in support of their position: Cunningham v. Penn Bridge Co., 131 La. 196, 59 So. 119; Henderson v. Sun Mutual Ins. Co. et al., 48 La.Ann. 1031, 20 So. 164, 55 Am.St.Rep. 292; Lee v. Powell Bros. & Sanders Co., 126 La. 51, 52 So. 214; Burke v. Werlein, 130 La. 439, 58 So. 140, and Id., 143 La. 788, 792, 79 So. 405, and Mahon v. Spence, 11 La.App. 604, 123 So. 349.

Cunningham v. Penn Bridge Co. is without application to the question here. That case merely holds that the negligence of two persons may concur in producing an injury and that, where it does, both are liable in solido.

The case of Henderson v. Sun Mutual Ins. Co. et al., likewise, has nothing whatever to do with the point now under discussion and is merely authority for the proposition that suits such as this are grounded in tort and not in contract.

The last three cases, cited by counsel, are inapposite to the facts here alleged because it appears that, in those matters, the plaintiffs' injuries were received while the work was still in progress and before it had been accepted by the owners.

The imposition of liability upon a contractor, under the circumstances presented in the instant case, would, of necessity, be premised upon the violation of an extremely remote duty of care and would serve only to foster a faulty tenet of responsibility which could be stretched ad infinitum to proportions ad absurdum. Hence, it is our view that the doctrine approved by the federal and common-law courts is correct.

The judgment appealed from is therefore affirmed.

Affirmed.