LOTTINGER, Judge.
This is a suit in which one of the plaintiffs, Laurent R. Lafleur, seeks' damages from the defendant, E. A. Caldwell, for alleged damage to a portion of his land and crops destroyed by water which ' flooded his property during the month of May, 1952. Also joined as a party plaintiff is LeRoy Ortego, Lafleur’s tenant, who seeks to recover for his portion of the crops destroyed.
The petition sets forth that the defendant, a general contractor, undertook to construct an asphalt road in Evangeline Parish, under contract with the Department of Highways of the State of Louisiana, by the terms of which a 'certain levee was to be constructed along the property of La-fleur which abutted the road. The defendant is charged with having constructed a faulty levee not in accordance with the-plans and specifications of the Department of Highways and that as a result thereof the levee broke after rainfalls, allowing, water to flood Lafleur’s property.
In his answer the defendant admitted his; status as a contractor but denied any liability to the plaintiffs.
Following trial on the merits, judgment was rendered in favor of the plaintiffs and' the matter is now before us on an appeali taken by the defendant.
There are few, if any, important facts, in this case which are seriously disputed".. The evidence shows clearly that the defendant undertook this work by written contract with the Department .of Highways; under which he was bound to follow certain specifications. That portion of the-plans applying to the construction; work: abutting Lafleur’s property was introduced in evidence and the defendant was thereby required to construct a “single line” rice levee along the property. It is also shown that this levee was constructed, apparently in accordance with the plans and specifica-. tions of the Department of Highways, for the work was completed between January 2nd and 20th, 1952, and the defendant paid by the Department. A certificate executed by a Mr. C. D. Brown, the then project engineer for the Department, certified that “the work had been performed and the material used in accordance with the plans and specifications heretofore approved for same.” We point this out not as a commentary on the fitness of the levee itself, but merely to show that same was completed, inspected and accepted by the Department prior to the time the alleged damage occurred.
The question then, as we view it, is whether this defendant is liable to a third party for damages caused by his construction work which was apparently done ' according to the specifications of his prin *153 cipal and actually accepted by the latter. This same question was presented to our brethren of the" Orleans Circuit in the case of Schott v. Ingargolia, La.App., 180 So. 462, 463, and the organ of the Court, Judge (now Justice) McCaleb disposed of the matter by citing and relying on the general rule' applicable to such cases by quoting from Ruling Case Law, as follows, to-wit:
“The principle governing the case has been succinctly set forth in 14 Ruling Case Law, § 42, as follows:
‘The general p rule is well established . that an independent contractor is not liable for injuries to a third person, occurring after the contractor has completed the work and turned it oyer. to the owner or employer and the same has been accepted by him, though the , injury result from the contractor’s failure to -properly carry out his contract.’ ”
The lower court in his written reasons for judgment sought to distinguish the Schott case on the ground that there three years had elapsed since the acceptance of the contract and the occurrence of the injury. We fail to see how the case can be so easily explained away, for the period of time which elapses after the acceptance of the contract appears to us as totally immaterial. We are of the opinion that the Schott case presents good law which is applicable here and we adhere “to its holding.
Counsel for plaintiffs have devoted ■much time in oral argument and brief to •discussing the ramifications of stipulations pour auturi, asserting that such a stipulation existed here flowing in favor of their ■clients. Assuming that this contention is ■valid and that the contract provided such .a stipulation pour auturi it is our opinion ■that this same contract set forth the time ■when the benefits of the stipulations would expire, namely, on the date’ the work was .accepted and paid for. Or, to put it an•other way, we are of the opinion that once •the work was accepted by the principal, the ^Department of Highways of the State of Louisiana, the defendant contractor was then and there absolved as to liability for faulty construction, not only as to the Department of Highways, but also as to any third parties who were to have benefited under the stipulations of the contract.
For the reasons assigned the judgment appealed from is reversed and the suit of the plaintiffs is dismissed 'at their costs.
Judgment reversed.
Rehearing denied.
TATE, J., recused.
CAVANAUGH, Judge ad hoc by appointment.