McCALEB, Justice
(dissenting).
Despite the antiquity of the principle[1] upon which the decision in Schott v. Ingargolia, La.App., 180 So. 462, is founded, and the caustic criticisms directed against that principle hy a law student (1 Louisiana Law Review 233) and a textbook writer (Prosser, Law of Torts, 2d Ed. 1955), I adhere to the views expounded therein. And I think that the reasoning of the Court of Appeal in the instant case (see 89 So.2d 517) is eminently sound and its decision should be upheld.
As I see it, the basic error in the majority opinion in this case is its failure to recognize that, although the absence of privity of contract between the injured party and the contractor (which originally was ascribed as one of the reasons for the rule) has not found approval in some of the later decisions, the rule itself has not been destroyed and that it is well established in cases like this, involving the question of liability of a contractor, as differentiated from a manufacturer, that no liability ensues after the work has been accepted by the owner.[2] In the latest and most comprehensive annotation on the subject in American Law Reports (see 13 A.L.R.2d 191-252) it is stated:
“Most courts, in passing upon the question of building or construction contractor’s liability for negligence resulting in injury or damage to third persons after the completion of the work and acceptance thereof by the owner, start with the assumption of what they consider to be the general *535 rule that the contractor is not liable for such injuries to third person on the theory that no privity of contract exists between the contractor and such third person and that no duty is owed by the contractor in performing the contract to one other than the contractee. This rule is enunciated not only in cases in which the plaintiff is denied recovery, but also in the cases in which the plaintiff is allowed recovery under the exceptions to the rule.”
The numerous cases cited in the A.L.R. annotation, which support the rule of non-liability in instances like this, come from thirty-three separate jurisdictions, including the 'Federal Courts.
But apart from the cogent grounds prompting the application of the common law doctrine of nonliability in cases of this sortj it appears to me that there is an even more compelling reason for the courts of Louisiana to conclude that an undertaker, who has contracted to build or repair a building and whose work has been accepted by the owner, is not responsible to a third party injured in the building as the result of a defect therein attributable to the work of the contractor or the building materials furnished by him. This is because our law imposes absolute responsibility on the ■owner of the building for all damages •sustained by those lawfully on the premises, by reason of defects therein, even when the damages result from a vice in the original construction. See Articles 670 and 2322 of the Civil Code; Klein v. Young, 163 La. 59, 111 So. 495 and other cases too numerous to here mention.
These Articles are to be construed in connection with our tort Article 2315 and plainly, in my opinion, afford an exception to the general liability therein imposed on all persons for damages attributable to fault. Thus, plaintiff in the instant case, as subrogee of Mr. and Mrs. Davis, the parties sustaining the damage, were accorded under Articles 670 and 2322 of the Civil Code an indefeasible right of recovery against Mr. Seeman, the owner of the building, and it is perplexing to me why it elected to sue the defendant contractor on, at best, a dubious cause of action in which fault would have to be established in order to succeed.
And, speaking of fault, I doubt seriously that the facts, as. found by the Court of Appeal, exhibit a case of actionable negligence against defendant. It appears that the damage claim emanated from a defective angle iron which broke and caused the cabinet to sag. This angle iron was not inherently dangerous and was purchased from a reputable manufacturer. Consequently, the case bears no resemblance to the MacPherson case (217 N.Y. 382, 111 N.E. 1050, L.R.A.1916F, 696) where the manufacturer of a defective automobile *537 was held liable to a third person for the damages sustained by the defect. The opinion of the Court of Appeal on this phase of the case is most enlightening [89 So.2d 520]:
“The facts here do not justify the conclusion that this case falls within the contemplation of any one of the exceptions to the general rule. Surely it cannot be said that such a cabinet is inherently dangerous. And it seems to us that the only one of the exceptions which can even be given consideration is that under which there may be liability if the manufacturer fails to discover a defect which would have been discovered had he given it the examination which an ordinarily prudent person would have given.
“To hold here that the contractor should be liable would require a holding that in such case there should be given to every piece of hardware used in its installation a most careful, possibly a microscopic examination. We do not think that under such circumstances the contractor is required to do more than to purchase material manufactured by a reputable manufacturer and to give to it the cursory examination which is ordinarily given to such hardware. If more is required then á contractor in such case would himself labor under ‘a paralyzing legal responsibility’ which is' referred to in the quoted article in 1 Louisiana Law Review.”
For the foregoing reasons, I respectfully dissent.

. The principle is stated in 27 Am.Jur. Sec. 55, p. 534, thus: “The general rule is well established that an independent contractor is not liable for injuries occurring to a third person after the contractor has completed the work and turned it over to the owner or employer and it has been accepted by him, even though the injury results from the contractor’s failure properly to carry out his contract. When the work is finished by the contractor and accepted by the employer, the latter is substituted as the party responsible for the existing defects and the same rule is applied to sub-contractors, so as to relieve them from liability to the original employer where their work has been finished and accepted by the original contractor. The reason for the substitution of liability is found in the general doctrine that an action for negligence mil not lie unless the defendant was under some duty, which he has omitted to perform, to the injured party at the time and place where the injury occurred.’’ (Italics mine.)

. Harper and James, in their recent work on the “Law of Torts” (1956) Yol. 2, pps. 1042 and 1043, point out that the courts have been reluctant to extent the exception enunciated in the leading case of MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, LRA1916F, 696, to matters involving building and other contractors and that the general rule of nonliability for injuries caused after the owner has accepted the building or other subject of the contract has been applied.