CHICAGO, ST. LOUIS AND NEW ORLEANS RAILROAD COMPANY
*v.* MAGGIE DOYLE.

1. RAILROAD.  *Killing of human being.  Action.  Comity between States.*

The right of action for damages for killing a husband given by the statute of Tennessee may be asserted in the courts of this State, because of the coincidence of that statute with ours and also because a right of action of a transitory nature created by the statute of another State, may be enforced here, if not in conflict with the public policy of this State.

2. SAME.  *Conflict of laws.  Negligence in one State and accident in another.*

If the husband in such case, who is the engineer of a train running on a railroad through this State and Tennessee, be killed by a collision in Tennessee, the omission of a duty in Mississippi cannot transfer a consequence manifested physically in the other State, but the widow's right is determined by the law of Tennessee.

60 MISS. — 62

3. SAME. *Negligence of fellow-employees. Special service.*

The engineer by virtue of his employment took the risk of accidents caused by the negligence of his fellow-employees; and this accident resulting from disobedience of orders by the engineer of the other train, the widow cannot recover, although her husband, as was occasionally the case, was off of his section of the road, when the collision happened.

4. PRACTICE. *Motion to exclude all plaintiff's evidence.*

Where it is clear beyond doubt that the court should not permit a verdict to stand on the state of facts proved by the plaintiff, assuming the truth of the testimony, and giving full force to every just inference from it, the court should not wait for a verdict, but should exclude the evidence or instruct the jury as to its insufficiency.

APPEAL from the Circuit Court of Pike County.

Hon. J. B. CHRISMAN, Judge.

In this action by the appellee, the widow of Michael J. Doyle, in behalf of herself and children, the original declaration upon which issue was joined and the first trial had, averred that Doyle, an engineer of the appellant, while in obedience to orders of the company, was proceeding north, drawing the pay-car between Michigan City and Grand Junction, at a point about two miles south of the latter point in Marshall County, in the State of Mississippi, was killed in a collision with a south bound freight train of the railroad company, and that such collision was caused by the negligence and mismanagement of the company, and that Doyle did not contribute to his own injury, but was at the time in the execution of his duty, and so doing with due care, prudence and caution.

At the first trial, after the plaintiff's evidence was closed, the defendant moved to exclude all the evidence, because it showed that the accident and Doyle's death occurred in Tennessee, and, also, because it failed to show any negligence on the part of the company. This motion was sustained by the court, and the plaintiff offered to amend her declaration so as to show that the death occurred in the State of Tennessee, and further, so as to show that plaintiff, the widow of Doyle, and the children mentioned in the declaration, were and are his only next of kin and that by the laws of Tennessee, an action was given for the benefit of herself and the children,

under the circumstances detailed in the declaration.    This application to amend was denied, and the court, at the request of the railroad company, instructed the jury to find for the defendant, the railroad company, and verdict and judgment were accordingly returned and entered.    On motion to set aside this judgment and for a new trial, the court set it aside and awarded a new trial.

· The evidence at the first trial, and as much of that upon the second trial (which resulted for the plaintiff) as is necessary to understand· the decision, is set out in the opinion.

*H. Q. Bridges* and *R. H. Thompson*, for the appellant.

1. The first verdict was right, and the new trial was erroneously granted.    It appeared from the plaintiff's evidence that the collision occurred in Tennessee, where Doyle was killed by the negligent disobedience of orders on the part of fellow-employees.    Statutes giving this right of action have no extraterritorial force.    Pierce on Railroads, 389 ; Rover on Interstate Law, 155, '156 ; *Milne* v. *Morton*, 6 Binn. 365 ; *Hoyt* v. *Thompson*, 19 N. Y. 207 ; *Woodward* v. *Roane*, 23 Ark. 523 ; *Pennoyer* v. *Neff*, 5 Otto, 714 ; *King* v. *Vance*, 46 Ind. 246 ; *Richardson* v. *N. Y. Cent. R. R. Co.*, 98 Mass. 92 ; *Weed* v. *Chapman*, 2 Iowa, 524 ; *Blanchard* v. *Russell*, 13 Mass. 1 ; *Graham* v. *Monsergh*, 22 Vt. 543 ; *Indiana* v. *Helmer*, 21 Iowa, 370 ; *Richardson* v. *Burlington*, 33 N. J. 192. Comity was not invoked in the declaration, even if a right of action given by foreign statute could in this way be enforced here.    *Selma, Rome & Dalton R. R. Co.* v. *Lacey*, 49 Ga. (43 Georgia) 106.    But however that may be, it is well settled that the company is not liable for the death of an employee, caused by the negligence of his fellow-employees. *New Orleans, Jackson & Great Northern R. R. Co.* v. *Hughes*, 49 Miss. 258 ; *Horva* v. *Mississippi Central R. R. Co.*, 50 Miss. 178.    It results that the first verdict should stand, and judgment be entered here for the defendant.

2. We understand the rule to be, that when the testimony of the plaintiff falls so far short of entitling her to a verdict,

that were a verdict rendered in plaintiff's favor, the court would, on motion for a new trial, set it aside, then the court, on defendant's application, would exclude all the testimony from the jury ; and invoking its application here, we say the court correctly excluded all the plaintiff's testimony on the first trial, and the court erred when it set aside a rightful verdict and judgment in favor of defendant. But there was no evidence, at the second trial, of negligence by the train dispatcher. A scintilla of evidence, or a mere surmise that that there may have been negligence on the part of the defendant, clearly would not justify the judge in leaving the case to the jury. There must be evidence upon which they might reasonably and properly conclude that there was negligence. *Toomey* v. *Lindon & C. R. R. Co.*, 3 C. B. (N. S.) 146–150. This language met the approval Bramwell, B. *Carninan* v. *Eastern Counties R. Co.*, 4 Hurl. & N. 781–786. See, also, *Jackson* v. *Metropolitan R. R. Co.*, 3 App. Cas. 193 ; *Jewell* v. *Pan*, 13 C. B. 916 ; *Ryder* v. *Wombwell*, L. R. 4 Exch. 38 ; *Beauven* v. *Portland Co.*, 48 Me. 291 ; *Leman* v. *Brooklyn*, 29 Barb. 234. This is the settled law of England, and most of the United States, and ought to prevail everywhere. It certainly does in Mississippi. Of course this is aside from the question as to whether the train dispatcher and Doyle were fellow-servants. No other testimony in the case related to negligence.

*W. P. & J. B. Harris*, on the same side.

Doyle's death resulted from his fellow-employees' negligence, and the company, therefore, is not liable. ———— v. ————, 85 N. Y. 61. This principle is familiar, and has been often announced by this court, but the facts of the case cited are suggestive. Orders to wait were received by the freight train, and owing to its not waiting the collision occurred. Negligence was imputable to the officers of this train, who testified for the plaintiff, at the first trial, that they understood and disobeyed the orders. The first verdict should stand. There is nothing in the argument that the road was

divided, and the engineer of the pay-train was out of his division. The negligent fellow-servants were under the control of the same person as Doyle, of the same grade, and doing the same kind of work. Doyle consented to run the pay-train, and was in the habit of doing so. The relation of fellow-servant has been held to exist between a switch-tender and an engineer, a telegraph operator and a fireman, and a section boss and all below the general superintendent. *New Orleans, Jackson & Great Northern R. R. Co.* v. *Hughes,* 49 Miss. 258. No evidence exists tending to show negligence of the company. On the contrary, the plaintiff proved that the collision was caused by the fellow-employees disobeying positive orders. Under such circumstances, the first verdict was right, and a judgment should be entered here upon it.

*H. & W. P. Cassedy* and *S. M. Shelton,* for the appellee.

1. The statutory right of action in another State can be enforced here, because, (1) the action was transitory, though generally statute; and (2) the statutes of the two States are substantially the same; and if the action was local, still the cause of action having occurred in Mississippi, the right of action is complete under the Mississippi statute.

(*a.*) Statutes which merely keep alive a common-law right by allowing remedy to enforce it after the death of the person differ from those which create a new right, and are differently treated. Cooley on Torts, 262, commenting on Lord Campbell's act. The distinction stated by Cooley is elaborated at length, and with learning and ability, in the following cases: *Folkes, Admr.,* v. *N. & D. R. R. Co.,* 9 Heisk. 832; *Reade* v. *Great Eastern R. R. Co.,* L. R. 3 Q. B. 555. It will be observed that the acts of Mississippi and Tennessee are, with respect to the above proposition, identical with Lord Campbell's act. Now, we insist that as the right continued and kept alive, was, at common-law, transitory, the same right surviving to the widow and children is transitory. It

is not a new and statutory right.   *Lurnick* v. *Railroad Co.*, 13 Otto, 11.

(*b.*)  Where the statutes of two States, giving a right of action are substantially alike, a recovery may be had in one State for damages, sustained by a tort committed in the other. This doctrine is stated in Pierce on Railroads, 389, referring to a number of cases collated in note 8, and Cooley on Torts, 266, shows it to be the doctrine in Georgia in his comments on the case of the *Selma, Rome & Dalton R. R. Co.* v. *Levy*, 49 Ga. 106.   The cases referred to by Cooley, as sustaining a contrary doctrine in New York, have been explained, and shown to establish a different doctrine in the case of *Leonard* v. *Columbia Steam Navigation Co.*, 84 N. Y. 48, decided in 1881, where the rule is discussed at great length, and the reason of it given.   Hence, we insist that though the death and cause of the death may both have occurred in Tennessee, the action was maintainable in Mississippi.   *N. O., J. & G. N. R. R. Co.* v. *Wallace*, 50 Miss. 244.

(*c.*)  It is well settled that when the tort is committed in one State, but the injury, the result of that tort, occurs in another State, the action may be brought in either State.   In the first State, because there was done the act which caused the injury, and in the latter State, because there the plaintiff suffered the injury.   2 Waite's Act. & Def. 126 ; *Thayor* v. *Brooks*, 17 Ohio, 489 ; *Foot* v. *Edwards*, 3 Blatchf. 313. Thus, we insist, that the action was well brought.

2. Whether Doyle's death resulted from the negligence of a fellow-servant acting with him in the same common employment and under the same master, or from the negligence of one holding to the defendant the position of vice principal, under whose orders Doyle was working and bound to obey, was a question of fact, and we submit was properly left to the jury, who have responded to it favorably to the plaintiffs.

The train dispatcher was not Doyle's co-employee, but his superior.   2 Thomp. on Neg. 1026, 1027 ; *Chicago & Northwestern R. R. Co.* v. *Moronda*, 93 Ill. 302 ; *Ryan* v.

*Chicago R. R. Co.*, 60 Ill. 171; Whart. on Neg., sect. 229; *Booth* v. *Boston R. R. Co.*, 73 N. Y. 38; *Felhe* v. *Boston R. R. Co.*, 53 N. Y. 550.   The correct rule, we take it, is stated in Ohio, in the case of *Berea Stone Co.* v. *Kraft*, 31 Ohio St. 291, 292, and it is this: "Where one servant is placed by his employer in a position of subordination to, and subject to the orders and control of another, and said inferior servant, without fault, while in the discharge of his duties, is injured by the negligence of the superior servant, the master is liable for such injury."   A number of authorities are referred to in support of this doctrine by the court delivering the opinion; and the doctrine is sustained by a long line of authorities in other States.   It is proved that the death of Doyle was caused by the train dispatcher's negligence in transmitting the orders.   If the train which killed Doyle had followed orders as interpreted by the company's experts, it would now be at Grand Junction.   But in not standing there forever, the officers of the train obeyed the reasonable intent of the orders, which was to proceed unless stopped there.   If the direction meant to wait for orders at that point, why were no orders sent?   The verdict is conclusive of this point, and herein lies the company's negligence.   Because it was a question of fact, the first trial was wrong, and the second verdict is for plaintiff.   We, therefore, insist that the second verdict was right, and the judgment should be affirmed.

CAMPBELL, C. J., delivered the opinion of the court.

The right of action for damages for killing a husband given by the statute of Tennessee may be asserted in the courts of this State, because of the coincidence of the statutes of the two States on this point, and, independently of this, because a right of action created by the statute of another State, of a transitory nature, may be enforced here, when it does not conflict with the public policy of this State to permit its enforcement, and our statute is evidence that our policy is favorable to such rights of action instead of being inimical to them.

*Dennick* v. *Railroad Co.*, 103 U. S. 11; *N. & C. Railroad Co.* v. *Spayberry*, 8 Baxt. 341; *The Selma, etc., R. R. Co.* v. *Lacey*, 49 Ga. 106; *Leonard* v. *Columbia*, 84 N. Y. 48.

The right of the appellee is determinable by the law of Tennessee, in which State the killing of her husband occurred.

The view that no recovery could be had here, except for a result traceable to an omission of duty in Mississippi is unfounded. Physical force proceeding from this State and inflicting injury in another State might give rise to an action in either State, and *vice versa;* but the omission of some duty in Mississippi cannot transfer a consequence of it manifested physically in another State to Mississippi. The cases of injuries commenced in one jurisdiction and completed in another illustrate our view on this subject.

The true view is that the legal entity called the corporation is omnipresent on its railroad, and the presence or absence of negligence with respect to an occurrence at any point of the line is not to be resolved by the place at which any officer or employee was stationed for duty. The question is as to duty operating effectually at the place where its alleged failure caused harm to result. The locality of the collision was in Tennessee. It was there, if anywhere, that the company was remiss in duty, for there is where its proper caution should have been used.

The Circuit Court did right, on the first trial, in excluding all the evidence for the plaintiff, and instructing the jury to find for defendant. The evidence was insufficient to support a verdict for the plaintiff. The court might properly have permited the plaintiff to amend her declaration, as proposed, and we will consider the case as if the amendment had been made. Even with the declaration amended the evidence was not sufficient to entitle the plaintiff to any recovery. It would have been useless to permit a verdict to be rendered for the plaintiff, to be at once set aside. Where the facts are disputed, or the just inferences from conceded facts are doubtful, "depending upon

the general knowledge and experience of men, it is the judgment and experience of the jury, and not of the judge which is to be appealed to." *Miss. C. R. R. Co.*, v. *Mason*, 51 Miss. 234. But that is true only of such a presentation as is sufficient to prevent the disturbance of a verdict on it, when rendered. Where it is plain that the court should not permit a verdict to stand on the state of facts in evidence, assuming the truth of the testimony and giving full force to every just inference from it, it is folly to wait for a verdict and the court should anticipate its ultimate action, and exclude the evidence, or instruct the jury as to its insufficiency. It is only in cases free from doubt that this power should be exercised, but in these the court should not shrink from its duty.

The Circuit Court erred in depriving defendant of the verdict to which it was clearly entitled, and which it had obtained, and it matters not on what view of the law the verdict was set aside, if it was right on the case as first made by the plaintiff, and as it would have been with the amendment of her declaration offered by her. We have considered the case as first made and as varied by the amendment to conform the pleadings to the evidence, and giving the appellee the full benefit of the state of case made by her evidence and her amended declaration, the verdict for the defendant on the first trial was the proper result of it.

The husband of the appellee was killed by the culpable act of his fellow-employee, who was in control of the colliding train, and who disobeyed an order, the import of which was unmistakable, and which he understood, and obedience to which would have avoided the possibility of the collision. For this the appellee is not entitled to recover of the appellant. Her husband by virtue of his employment took the risk of all such accidents. The fact that he was in service off of that part of the road on which his constant service was rendered, makes no difference. He was in the habit of rendering the service in which he was killed. He was still an engineer of

the company in charge of one of the locomotives, and engaged in a duty incident to his employment, and the place made no change in his position, duties or rights, and none as to the liability of his employer to him.

Assuming the law of Tennessee to be that for any negligence of the train dispatcher, at Water Valley, contributing to the death of Doyle a recovery could be had, it is clear that there was no such negligence, for this person had done all that was necessary to insure the safety of Doyle from the train which caused his death.   The conductor and engineer of train No. 6 (which caused Doyle's death), had been instructed to get orders at Grand Junction, where Doyle was instructed to pass No. 6 and obedience required the delay of No. 6 at Grand Junction, until orders were received there.   Had this been done the collision would not have occurred.   The command, " *Get orders at Grand Junction*," plainly required delay at that point for orders, and if, on arrival, there, no orders were there, the obvious duty of those in charge of No. 6 was to report to the train dispatcher as being there, and they should not have departed until freed from the command to get orders there.   This was well understood by them, and could not have been understood differently.   It is plainly to be seen now, that it would have been better for the train dispatcher to have informed those in charge of No. 6 that the pay train would pass them at Grand Junction.

It is not admissible now to try the sufficiency of the order given by the train dispatcher by the lamentable result of its disobedience by those in charge of train No. 5.

*Post hoc, ergo propter hoc* is not legitimate argument.   There is not room for difference of opinion as to the sufficiency of the order given to No. 6 to have prevented the collision, if it had been regarded.   That form of order was in frequent use on the road, and was well understood, and but for it having been disobeyed would have insured the safety of Doyle.   Its disobedience could not be anticipated, and no blame can be imputed, except to those in charge of No. 6, who were the

slayers of Doyle, who died in the performance of his duty. Our sympathies are deeply stirred in behalf of his widow, the appellee, but duty demands obedience to the dictates of judgment and not compassion.

The judgment of the Circuit Court on the second trial is reversed, the verdict on which it was rendered is set aside, and the judgment setting aside the first verdict is reversed, and that verdict established, and judgment given on it for the appellant.