L. MOXON ET AL. v. E. E. RAY ET AL.

No. 6465.   Decided April 3, 1935.
(81 S. W., 2d Series, 488.)

*Thomas & McDonald,* of Big Springs, for plaintiffs in error.

Where the provisions of an insurance policy provides for the payment of any and all judgments rendered against the insured together with the provision wherein the company contracts to defend all suits on behalf of the assured, is a liability policy and the provisions with reference to "no action should lie against said company" will not prevent the maintenance of a suit against the assured and the insurance company in the same instance. Pickens v. Seaton, 51 S. W. (2d) 1050; American Ind. Co. v. Martin, 54 S. W. (2d) 543.

*Touchstone, Wight, Gormley & Price,* of Dallas, for defendants in error.

The insurance policy being purely an indemnity policy, the insurance company could not be properly joined in a suit for damages against the policy holder who was only indemnified against loss or expense resulting for claims upon the insured for damages by reason of the ownership of the automobile. Tarbutton v. Ambriz, 259 S. W., 259; Lange v. Lawrence, 259 S. W., 261; American Automobile Ins. Co. v. Cone, 257 S. W., 961.

*C. A. Leddy, Fullbright, Crooker & Freeman,* of Houston, filed argument as amicus curiae.

MR. JUDGE CRITZ delivered the opinion of the Commission of Appeals, Section A.

1 The opinion of the Court of Civil Appeals in this case is reported in 56 S. W. (2d) 469. In the case of Kuntz v. Spence, 67 S. W. (2d) 254, this Section of the Commission adopted Judge Martin's opinion in the instant case. The opinion in the Kuntz case, supra, settles the issue of misjoinder in this

case in accordance with the views expressed by Judge Martin's opinion. No good can be accomplished by further discussion here.

It will be noted that the opinion of the Court of Civil Appeals in the instant case contains the following statement:

"The Monzingo v. Jones case, supra, construes a policy required by law to be taken out by motorbus operators and by statute is required to be so written as to give the injured party an affirmative right of action thereon."

2 Monzingo v. Jones (Civ. App.), 34 S. W. (2d) 662, holds that an insurance company which has issued an insurance policy to a bus operator under the provisions of Section 11 of Article 911a, Vernon's Annotated Civil Statutes of Texas, 1925, Vol. 2, can be sued on such policy in a damage suit for negligence against the insured. We do not construe the above-quoted portion of the opinion of the Court of Civil Appeals in the instant case as upholding that ruling. Volker Grasso v. Cannon Ball Motor Freight Lines et al, No. 6671. this day decided by this Section of the Commission, 125 Texas, 154, 81, S. W. (2d) 482. It is true that a policy written under the provisions of Section 11, supra, inures to the benefit of an injured third party, but his right of action thereon does not arise or accrue until he has obtained a final judgment against the insured. See Grasso v. Cannon Ball Motor Freight Lines, et al, supra, for a full discussion of this question.

The judgment of the Court of Civil Appeals, which reversed the judgment of the district court, is affirmed.

Opinion adopted by Supreme Court April 3, 1935.