FRANK L. NORTON ET AL. (COMMERCIAL STANDARD INSURANCE COMPANY ET AL.) v. PAUL M. CASTER.

No. 6576.  Decided April 3, 1935.
(81 S. W., 2d Series, 487.)

*D. A. Frank* and *W. P. Bondies*, both of Dallas, for plaintiffs in error.

In a damage suit like this the proper issue to submit to the jury was whether or not the said negligence was the proximate cause of plaintiff's injuries. Eames v. Texas & N. O. Ry. Co., 63 Texas, 664; Galveston, H. & S. A. Ry. Co. v. Bell, 110 Texas, 104, 216 S. W., 390; International & G. N. Ry. Co. v. Walters, 107 Texas, 373, 179 S. W., 860.

The trial court should have defined "directly caused." Williams v. Givens, 11 S. W. (2d) 224; Blanch v. Villiva, 22 S. W. (2d) 491.

The joining of the insurance company with defendant Norton in this case, was a misjoinder of parties. Wichita Falls Motor Co. v. Meade, 203 S. W., 71; Clegg v. Temple Lumber Co., 195 S. W., 646; id. 222 S. W., 971; Cannon Ball Motor Co. v. Grasso, 59 S. W. (2d) 337; id. 125 Texas, 154.

*Perry J. Lewis, H. C. Carter, Champe G. Carter* and *Randolph L. Carter,* all of San Antonio, for defendant in error.

On matter of proximate cause cited: Crow v. Southwestern Trans. Co., 73 S. W. (2d) 607; Stedman Fruit Co. v. Smith, 45 S. W. (2d) 807.

MR. JUDGE CRTIZ delivered the opinion of the Commission of Appeals, Section A.

This suit was filed in the district court of Bexar County, Texas, by Paul M. Caster against Frank L. Norton and Commercial Standard Insurance Company. Trial in the district court, where the case was submitted to a jury on special issues, resulted in a verdict and judgment for Caster against both defendants. This judgment was affirmed on appeal by the Court of Civil Appeals. 59 S. W. (2d) 931. The insurance company and Caster bring error.

It appears that Caster was injured in a collision between a truck belonging to Norton and an automobile in which Caster was riding. Caster lost an arm in the accident. The truck was being operated under a certificate of convenience issued by the Railroad Commission of this State. The insurance company was sued as Norton's insurer. The insurance contract was issued and filed with the Railroad Commission under the provisions of Section 13 of Article 911b, Vernon's Annotated Civil Statutes of Texas, 1925, Vol. 2.

**1, 2** This case involves the same question of misjoinder as regards the right to join the insurance company in the damage suit against the truck owner as was involved in cause No. 6671, Volker Grasso v. Cannon Ball Motor Freight Lines, et al., this day decided, 125 Texas, 154, 81 S. W. (2d) 482, by this Section of the Commission. In that case we held that the insurer, under the above statute, could not be joined in the damage suit against the insured. Also we held that under such statute an injured third party could not maintain an action against the insurer until he had secured a judgment against the insured, except in a certain instance not here involved. The decision referred to rules this case adversely to the rulings of the two lower courts in this regard.

It appears from the record that the trial court submitted the issue of negligence on the part of Norton in the following manner:

(a) The jury was asked if certain acts were committed.

(b) The jury was then asked if such acts constituted negligence.

(c) The jury was then asked if such negligence *directly* caused the accident and the injury complained of by Caster.

Defendants in the trial court excepted to the questions indicated under "c" above, as follows:

"Said question submits an immaterial issue to the jury,— the proper issue to submit being as to whether or not the said negligence was the proximate cause of the plaintiff's injuries,

and the giving of said special issue is prejudicial to the defendant."

3   The majority of the Court of Civil Appeals held that the above matter did not constitute error.   Judge Gallagher dissented.   We agree with the dissenting opinion.

The judgments of the Court of Civil Appeals and district court are both reversed and the cause remanded to the district court for a new trial in conformity with this opinion.

Opinion adopted by the Supreme Court April 3, 1935.