## BURKETT *v.* GLOBE INDEMNITY CO.

(Division A.   May 23, 1938.   Suggestion of Error Overruled June 30, 1938.)

[181 So. 316.   No. 33102.]

White & Morse and **Jno. W. Savage,** all of Gulfport, for appellant.

Leathers, Wallace & Graves, of Gulfport, for appellee.

Argued orally by **R. A. Wallace** for appellee.

**McGowen, J.**, delivered the opinion of the court.

Appellant, J. Robert Burkett, sued the Globe Indemnity Company and Packard New Orleans, Inc., for damages for personal injuries sustained by him in an automobile wreck. A demurrer to the amended declaration was sustained. The appellant declined to amend further, the cause was dismissed, and an appeal is prosecuted here from that judgment.

The declaration shows that the Globe Indemnity Company was subject to process in the State of Mississippi, but that Packard New Orleans, Inc., was not subject thereto. It alleges that appellant is a citizen of Harrison county, Miss., and on account of his poverty was unable to go to Louisiana to prosecute a suit. Appellant alleges that the Packard New Orleans, Inc., was engaged in business in New Orleans, La., in selling and repairing Packard automobiles, and that on March 26, 1937, the company repaired the steering apparatus and aligned the wheels on an automobile belonging to Clay Reeves and delivered it to him telling him that the steering apparatus was in perfect condition. The declaration averred that the steering apparatus was not in a reasonably safe condition for the reason that the repairman "negligently turned the grease cups on said steering arms from their original position in the back of said arms to the front thereof, and negligently left a steering arm adjustment tool attached to a place under said automobile designed for that purpose, so that in steering said automobile the said steering arm came in contact with the grease cups and negligently caused the injuries to plaintiff;" when the steering arm came in contact with the grease cups the steering gear became inoperative. The amended declaration alleged that Packard New Orleans, Inc., "by leaving said steering adjustment tool under said car created a dangerous instrumentality not only to persons using said car but persons riding in said car and pedestrians alike; that said Packard New Orleans, Inc., through its agents, knowingly, wilfully and negligently left said tool under said car and concealed the fact that said tool was under said car from the said Clay Reeves, the owner of the said car, and plaintiff avers that the said Clay Reeves, the owner of the said car, did not know that said tool was left under said car, and did not know that Packard New Orleans, Inc., had created a dangerous instrumentality until after

the said car had been wrecked on account of the said tool being left under said car as hereinabove described.'' Appellant further averred that due to the tool coming in contact with the grease cups the car became unmanageable while he was riding as the guest of Clay Reeves, in Alabama, plunged into a ditch and seriously injured him, for which he brought suit. The declaration further stated that Packard New Orleans, Inc., had in force at the time of the accident, and at the time of the repair of the automobile, a policy of insurance in the sum of $100,000, indemnifying the insured against injuries sustained by persons on account of the negligence of its employees, and that the said Globe Indemnity Company, the insurer, was liable directly in an action for damages sustained by appellant as alleged. This liability was asserted to be created in appellant's favor by Act No. 55, Louisiana Laws of 1930, which is as follows:

''Section 1. That, after the passage of this act, it shall be illegal for any company to issue any policy against liability unless it contains a provision to the effect that the insolvency or bankruptcy of the assured shall not release the company from the payment of damages for injury sustained or loss occasioned during the life of the policy, and any judgment which may be rendered against the assured, for which the insurer is liable, which shall have become executory, shall be deemed prima facie evidence of the insolvency of the assured, and an action may thereafter be maintained within the terms and limits of the policy by the injured person or his or her heirs against the insurer company. Provided further that the injured person or his or her heirs, at their option, shall have a right of direct action against the insurer company within the terms, and limits of the policy, in the parish where the accident or injury occurred, or in the parish where the assured has his domicile, and said action may be brought either against the insurer company alone or against both the assured and the insurer company, jointly and in solido.

"Provided that nothing contained in this act shall be construed to affect the provisions of the policy contract if the same are not in violation of the laws of this State.

"It being the intent of this act that any action brought hereunder shall be subject to all of the lawful conditions of the policy contract and the defenses which could be urged by the insurer to a direct action brought by the insured; provided the term and conditions of such policy contract are not in violation of the laws of this State."

The insurance policy, exhibited with the declaration, disclosed that the insurer stipulated in the policy that it was not to be liable to a third person until liability had been established against the insured in the manner set forth therein.

The demurrer may be considered as presenting two points for decision: (1) The declaration shows that Packard New Orleans, Inc., was an independent contractor employed to repair the car for Clay Reeves, and that having so repaired it and delivered the same to the owner, who accepted it, there is no liability of the independent contractor to a third person on account of the negligence alleged; (2) that Act No. 55, Louisiana Laws of 1930, is remedial and procedural and confers no substantive rights upon the plaintiff under the conditions set forth in the declaration, and therefore an action thereunder is not cognizable by the courts of Mississippi.

From the statements of the declaration it is to be observed that it charges the Packard New Orleans, Inc., with highly culpable negligence and a breach of duty to the appellant and others riding in the car or likely to come in contact with it as pedestrians. It well-nigh charges the crime of manslaughter.

The laws of Louisiana as to the substantive rights of appellant are applicable here. On the subject of liability for negligence, the applicable portion of article 2315, Louisiana Civil Code of 1932, is, "every act whatever of man that causes damages to another, obliges him by whose fault it happened to repair it." Article 2316 pro-

vides: "Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill." Article 2317 provides: "We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody." The above statutes are the basis for all actions of negligence in Louisiana.

In our own state the general rule is found in the case of City of Vicksburg v. Holmes, 106 Miss. 234, 63 So. 454, 51 L. R. A. (N. S.), 469, where the court held that, after a contractor has turned over the work and it has been accepted by the proprietor, the contractor incurs no further liability to third parties by reason of the condition of the work; but the responsibility, if any, for maintaining or using it in a defective condition, is shifted to the proprietor. However, in that case the court recognized the generally accepted exception to the rule, which is as follows (page 455): "Before the city can be held liable to complainants, it must be shown that there was some element of deceit, or concealment of the dangerous instrumentality. It is not sufficient to allege negligent construction. It must also be alleged that there was a concealment of this dangerous condition when the building was turned over to its owners and accepted by them. We think the bill of complaint may reasonably be construed to mean that the negligent construction and poor material used in the building was obvious, and that the owner accepted the work without demur; and, if this be true, it follows that the owner knew of the defect when it accepted the building. It must be shown that the owner was unaware of the danger, and it must be shown that the city, or its agent, concealed the defective material and workmanship. For a collation of the authorities, we cite Thornton v. Dow, 60 Wash. 622, 111 P. 899, 32 L. R. A. (N. S.) 968, and notes; O'Brien v. American Bridge Co., 110 Minn. 364,

125 N. W. 1012, 32 L. R. A. (N. S.) 980, 136 Am. St. Rep. 503." This exception to the general rule was also recognized in Pate Auto Co. v. Elevator Co., 142 Miss. 419, 107 So. 552.

The case of Mahon v. Spence, 11 La. App. 604, 123 So. 349, appears to us to fully recognize the same rule that has been approved by our own court, and if the independent contractor is a repairman the same rule of law applies to him. See 2 Rest. Torts, sec. 388, comment C.

The numerous cases cited by the appellee to sustain the demurrer upon this ground point toward the general rule about which there is no contention in the case at bar. For instance, in the case of Gordon v. Bates-Crumley Chevrolet Co., La. App., 158 So. 223, the facts are clearly distinguishable from the facts in the case at bar. The court in effect stated there that there was no evidence that the repairer concealed the facts from the owner of the car. This case made by the declaration is not for breach of contract, but is a breach of duty on the part of the repairer.

It may be said that an automobile is not inherently dangerous but the repair made on this automobile, and the condition in which it was alleged to have been knowingly delivered to the owner, with a concealment from him of such facts, rendered the automobile highly dangerous from the moment it was thus delivered to all who might come in contact with it while it was in motion, whether as a guest riding therein or a pedestrian. See MacPherson v. Buick Motor Co., 217 N. Y. 382, 111 N. E. 1050, L. R. A. 1916F, 696, Ann. Cas. 1916C, 440; Hudson v. Moonier, 8 Cir., 94 F. (2d) 132.

On the second ground of the demurrer, we think this case is so clearly analogous to the cases of Travelers' Ins. Co. v. Inman, 157 Miss. 810, 126 So. 399, 128 So. 877, and Floyd v. Vicksburg Cooperage Co., 156 Miss. 567, 126 So. 395, that we could content ourselves by saying that the case at bar is controlled thereby. By clear

language Act No. 55, Louisiana Laws of 1930, relieves a party, who is injured negligently by the act of the insured within the coverage of the insurance policy, of the necessity of bringing an action against the insured, but confers upon such injured party the right of action against such insurer without making the insured a party thereto. This statute has been construed many times by the appellate courts of the state of Louisiana. In the case of Rambin v. Southern Sales Co., La. App., 145 So. 46, the court held that the injured person had the right of direct action either against the insurer alone or against both the insured and the insurer, and that the insurance company could not insert in the contract terms and limits that would contravene the right of the injured party to bring a direct action. Also see Rossville Commercial Alcohol Corp. v. Dennis Sheen Transfer Co., 18 La. 725, 138 So. 183; Bougon v. Volunteers of America et al., La. App., 151 So. 797; Holland v. Owners' Automobile Ins. Co. of New Orleans, La. App., 155 So. 780.

An action for damages to a person is transitory in its nature. Act No. 55, Louisiana Laws of 1930, is the controlling law of Louisiana invoked here and confers more than a procedural right; it creates a right of action against the insurer in favor of third parties not a party to the contract, for whose ultimate benefit the contract of insurance may be said to have been procured by the insured. When a statute of another state confers a right of action that is substantive this court will enforce it where it has the machinery with which to do so. In Travelers' Ins. Co. v. Inman, supra, we permitted a third person to maintain the action on a similar statute to the one here under consideration, conferring upon a third party the right of direct action against the insurer for the liability of the insured. Likewise, we so held in Floyd v. Vicksburg Cooperage Co., supra.

But it seems to us that the case is not even attended with difficulty when we consider the decision of our court in the case of Chicago, St. L. & N. O. R. R. Co. v.

Doyle, 60 Miss. 977. There we held that the right of action for the negligent death of a person given by a Tennessee statute might be asserted in the Mississippi courts, because of the coincidence of that statute with ours, and also because a right of action of a transitory nature created by the statute of another state may be enforced here if not in conflict with the public policy of this state. See Tennessee Coal, Iron & R. R. Co. v. George, 233 U. S. 354, 34 S. Ct. 587, 58 L. Ed. 997, L. R. A. 1916D, 685.

A case in point is Kertson v. Mary Johnson, Adm'x, 185 Minn. 591, 242 N. W. 329, 85 A. L. R. 1.

As to the public policy of this state we need only refer to Floyd v. Vicksburg Cooperage Co., and Travelers' Ins. Co. v. Inman, supra, where that question is set at rest. It might be added that our statutes permit a direct action against the surety company which makes the bond of a contractor by direct suit against such surety company upon default, without the necessity of first procuring a judgment against the principal of the bond. Nor can we lend ear to the argument of counsel that the statute is local because the venue in that state is set forth by the statute. In the light of our decisions and what we consider to be the weight of authority, which we have followed in the three cases relied on, we cannot close the doors of our courts to one of our own citizens.

The demurrer in this case should have been overruled.

Reversed and remanded.