### BOO v. DIXON.
### No. 794.

District Court, W. D. Missouri, W. D.
Jan. 3, 1942.

Stein & Stein of Hibbing, Minn., and Lucian Lane, of Kansas City, Mo., for plaintiff.

Madden, Freeman & Madden, of Kansas City, Mo., for defendant.

OTIS, District Judge.

A verdict was directed for the defendant at the trial. In support of the motion for new trial, learned counsel for plaintiff orally urged three grounds set out in the motion: 1. Error was committed in refusing to allow plaintiff to amend her petition. 2. Error was committed in refusing to admit the testimony of one Dr. Williams, which testimony would have made a case for the jury. 3. Error was committed in refusing to submit to the jury the question whether defendant was negligent in closing an aperture to plaintiff's middle ear, which he had made, the contention being that that evidence alone was sufficient to justify submission of the case to the jury.

During the trial I set out for the record the reasons for each ruling of any importance, including the rulings on the three matters of which complaint now is made. Unfortunately I do not have a transcript of what was said. Should the case be appealed, what was said undoubtedly will be in the record and will advise the Court of Appeals of the reasons for the action taken. What I say now is little more than repetition of what was said at the trial.

### Matter of Amendment.

1. The case was filed in this court February 17, 1941. It was set for trial during the April, 1941, Term. It was passed from that setting on the joint application of the parties. It was again set for trial in the November, 1941, Term and was reached for trial November 18, 1941. On that day, after the jury was impaneled and sworn, for the first time plaintiff's counsel indicated a belief that the complaint stated a cause of action not only ex delicto, but also ex contractu. Plaintiff's counsel asked leave to include in his opening statement reference to his ex contractu cause of action. Counsel for defendant objecting, the objection was sustained. Counsel for plaintiff then asked leave to amend his petition so as to state a cause of action ex contractu as well as ex delicto. Counsel for defendant objecting to the leave to amend, leave was denied.

It is so apparent from a consideration of plaintiff's complaint that no cause of action ex contractu is therein stated, or attempted to be stated, that I do not enlarge upon the denial of leave to amend. The only cause of action stated is for negligence. The only damages alleged and claimed are specifically said to be due to the negligence of defendant. Liberality in permitting amendments to complaints certainly is not to be stretched to the point of allowing an addition of a wholly different cause of action to a complaint after a jury has been impaneled and sworn, the opposing party objecting to the amendment asked.

### Matter of Dr. Williams' Testimony.

2. Plaintiff sought to offer in evidence the testimony of a doctor. Much of his testimony was received. A part of his testimony was excluded. In the excluded testimony this witness undertook to say that if the operation complained of was performed in the way he understood that operation generally was performed by the defendant (he had no understanding as to how the particular operation was performed) and if facial paralysis of plaintiff resulted immediately, then the operation was negligently done. It seemed to me at the trial, and it now seems to me, to be apparent that such testimony is speculative in the extreme and that it constitutes an invasion of the jury's function however liberally, generally speaking, the testimony of an expert should be received.

### Matter of Closing Aperture to Ear.

3. The issue of negligence in connection with the alleged failure of defendant to keep open the aperture he had made to the middle ear of plaintiff was not submitted to the jury because there was no

evidence that the injury complained of by plaintiff had any connection with the alleged closure.

To this memorandum I add by reference all that was said in connection with rulings made at any time during the trial.

Motion for new trial overruled. So ordered. Exception allowed to plaintiff.