**WELLS et al. v. AMERICAN EMPLOYERS' INS. CO.**

No. 10389.

Circuit Court of Appeals, Fifth Circuit.

Dec. 9, 1942.

Rehearing Denied Feb. 4, 1943.

Geo. K. Holland, of Dallas, Tex., for appellants.

R. T. Bailey, of Dallas, Tex., for appellee.

Before HOLMES and McCORD, Circuit Judges, and STRUM, District Judge.

HOLMES, Circuit Judge.

These two appeals are from judgments of dismissal as to appellee in separate actions that arose in Louisiana out of a collision in that state of two automobiles. For a further statement of the issues, see the opinion of the District Court, which is reported in 43 F.Supp. 214.

The decisive question below and here was and is whether appellants have the right of direct action in Texas against appellee, the insurer. The court below held that they did not.

Under the law of Louisiana the injured party is not required to obtain a judgment against the insured before proceeding against the insurer, but has a right of action against the insurer in the first instance.[1] In Texas this is not true, it being held in that state, where the liability of the insurer to the person injured rests solely upon a contract of insurance, that the plaintiff must bring his action within the terms of the policy before he may recover.[2]

Federal jurisdiction in these cases rests solely upon diversity of citizenship, and we must follow the state law as we find it. So far as that law is substantive we are controlled by the statutes and decisions of Louisiana; so far as it is procedural we are guided by the law of Texas, since there is nothing to the contrary in the federal statutes or the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The court of the forum determines according to its own conflict-of-laws rule whether the question is one of substance or procedure, and, in so doing, will examine the entire transaction before it. This includes the statute of Louisiana creating the right against the insurer and its interpretation by the courts of that state. So guided and controlled, we hold that the right to sue the insurer directly is procedural, and that the law of the forum governs.[3]

The judgments appealed from are affirmed.

McCORD, Circuit Judge (dissenting).

Of course, I agree that the lex fori controls as to all matters pertaining to remedial and procedural, as distinguished from substantive rights. How and where to draw the line of precise classification is not always easy to determine. Pritchard v. Norton, 106 U.S. 124, 1 S.Ct. 102, 27 L. Ed. 104.

I am unable to agree with the holding that the right to sue the insurance company directly under Louisiana law is merely procedural. The contract of insurance was issued in Louisiana, covering a resident of Louisiana, and the accident giving rise to these actions occurred in Louisiana. Under the law of Louisiana, the place where the contract was issued, where the tort was committed, and where the obligations and liabilities of the parties arose, a party who has been injured has a right of direct action against the insurance carrier within the terms and limits of the policy. The effect of the statutory provision is that "the policy has become one of liability, rather than one of indemnity, and an injured claimant has been given the right to proceed directly against the insurer and recover from it whatever benefits the provisions, terms, and conditions of the policy contract afford him". Graham v. American Employers' Ins. Co., La. App., 171 So. 471, 476; Ruiz v. Clancy, 182 La. 935, 162 So. 734; Rambin v. Southern Sales Company, La.App., 145 So. 46. The statement in the Graham case that the right to sue the insurer is "procedural in nature", was made, not in connection with a conflict of laws problem, but with a situation where an unwarranted extension of coverage was being sought.

The right to proceed directly against an insurance company is not against the public policy of Texas, and I think we have the right to determine for ourselves whether the right given by the Louisiana statute is a substantive one, enforceable in the Federal Court sitting in Texas. Restatement, Conflict of Laws, p. 486. I am of opinion that on the facts of this case the governing principles of conflict of laws require that we determine the right to be a substantive one. I do not think that a mere stepping across state lines from Louisiana to Texas should defeat appellants' right to sue and hold the insurance company; a right they admittedly had if the actions had been instituted in the Federal Court

---

[1] Gager v. Teche Transfer Co., La. App., 143 So. 62; Tuck v. Harmon, La. App., 151 So. 803; Act No. 55 of the Louisiana Legislature of 1930.

[2] Kuntz v. Spence, Tex.Com.App., 67 S. W.2d 254; Grasso v. Cannon Ball Motor Co., 125 Tex. 154, 81 S.W.2d 482; Norton v. Caster, 125 Tex. 48, 81 S.W.2d 487; Moxon v. Ray, 125 Tex. 24, 81 S. W.2d 488; Thurman v. Chandler, 125

Tex. 34, 81 S.W.2d 489; American Fidelity Co. v. McClendon, Chief Justice, 125 Tex. 41, 81 S.W.2d 493.

[3] Graham v. American Employers' Insurance Co., La.App., 171 So. 471; McArthur v. Maryland Casualty Co., 184 Miss. 663, 186 So. 305, 120 A.L.R. 846; Oertel v. Williams, 214 Wis. 68, 251 N.W. 465; Restatement of the Law of Conflict of Laws, Sections 584, 585.

sitting in Louisiana. See Burkett v. Globe Indemnity Co., 182 Miss. 423, 181 So. 316; and the dissenting opinion of the Chief Justice of the Supreme Court of Mississippi in McArthur v. Maryland Casualty Co., 184 Miss. 663, 690, 186 So. 305, 310, 120 A.L.R. 846, which dissent, in my opinion, states what the law is and ought to be in cases of this kind.

I respectfully dissent.