501 So.2d 371 (1987)
Evelyn JOSEPH, Individually and as Administratrix of the Estate of Lee Joseph, Deceased
v.
TENNESSEE PARTNERS, INC., Mississippi Fair Commission, Larry Salter, Psalter Promotions, Inc., and Balboa Insurance Company.
No. 56709.
Supreme Court of Mississippi.
January 14, 1987.
*372 Paul Kelly Loyacono, Vicksburg, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Robert E. Sanders, Sp. Asst. Atty. Gen., Ken R. Adcock, Shell, Buford, Bufkin, Callicutt & Perry, Jackson, for appellees.
Before HAWKINS, P.J., and DAN M. LEE and GRIFFIN, JJ.
GRIFFIN, Justice, for the Court:

I.
This action comes before us from the Circuit Court of the First Judicial District of Hinds County, wherein the trial court granted the defendants to the case (except Larry Salter, who was dismissed from the proceeding on a 12(b)(6) motion and, while listed as an appellee, has no error assigned to his dismissal in the text of appellant's brief)  the Mississippi Fair Commission, Tennessee Partners, Inc., Psalter Promotions, Inc., and Balboa Insurance Company  MRCP Rule 56 motions for summary judgment. Evelyn Joseph appeals, and in addition to assigning as error the granting of these motions for summary judgment, she appeals the trial court's failure to award expenses, costs and attorney's fees when defendants' Rule 12 motions to dismiss filed previously were denied.
The case before us today involves a claim of liability against the defendants and appellees, Tennessee Partners, Inc., ("Tennessee"), the Mississippi Fair Commission ("the Commission"), Larry Salter, Psalter Promotions, Inc., ("Psalter"), and Balboa Insurance Co., ("Balboa"), for injuries received by appellant Evelyn Joseph in an alleged slip-and-fall injury sustained on December 3, 1983. Her husband, since deceased, joined in her complaint seeking damages for $50,000 because of the injuries and damages to his wife which caused him to do domestic chores and housework during the time of his own deteriorating physical condition, in addition to his having assumed responsibility for hospital, medical and drug bills jointly with his spouse.
For the reasons stated below, we affirm the decision of the lower court finding the motions for summary judgments were properly granted.

II.
On December 3, 1983, appellant Evelyn Joseph attended the "Bob Barker Fun and Games Show" at the Mississippi Memorial Coliseum in Jackson, Mississippi. Prior to that time, construction work had commenced in the parking lot immediately outside the Coliseum, and several drainage holes which were dug remained uncovered at the time of the event.
After her arrival but before the doors to the Coliseum opened, appellant requested directions to a restroom facility, to which an employee of Psalter-Tennessee responded, telling her of restrooms on the south side of the parking lot. En route to these restrooms, Joseph stepped in one of the drainage holes and fell and injured herself. No complaint was lodged at that time for injuries received, and the record contains no evidence of the alleged medical bills and/or testimony by treating doctors in the case.
The individual defendants each filed MRCP Rule 56 motions for summary judgment, which the trial court in turn granted.
Appellee, Tennessee, a Tennessee corporation who promoted the game show in Jackson, as well as in various other locations around the country, filed its motion on July 9, 1985, which the court in its order granted on July 29, 1985. Psalter is a Mississippi corporation who handled the ticket and money collections for the event pursuant to its agreement with the Mississippi *373 Fair Commission, and whose motion for summary judgment was filed and order entered granting the same along with Tennessee. Psalter was contacted around October 1, 1983, by Robert Rowe, president of Tennessee, concerning the arrangements and promotion of the "Bob Barber Fun and Games". Pursuant to the agreement, Psalter was to handle the ticket office arrangements and to alert the sound equipment personnel at the Coliseum as to what type of equipment was needed.
Also, pursuant to the agreement, Tennessee was to arrange for the performance of the "Bob Barker Fun and Games Show" at the Coliseum on December 3, 1983, and procure a liability insurance policy which insured the performance of the show.
The Coliseum is owned by the state of Mississippi, and managed by the Commission, who is responsible for the maintenance and upkeep of the building itself, the parking lot and fairground. The Commission employs a maintenance crew who periodically inspects and makes repairs on the parking lot surrounding the Coliseum. If repair work is done, the Commission does the work itself or hires a contractor to do the work under its supervision, according to testimony of Billy Orr, executive director of the Commission whose job responsibilities include overseeing the maintenance and upkeep of the building, grounds and parking lot, as well as leasing the Coliseum.
Also involved but not named as a defendant to the case is a Jackson Exchange Club, whose members on the evening in question organized parking in the lot and collected money, which was later split with the Commission pursuant to their agreement.
The standard lease contract was entered into by the Commission and Psalter Promotions on behalf of Tennessee on October 31, 1983, Tennessee being unable to make the trip to Jackson. There are several pertinent portions of the contract relative to the case at bar: first, paragraph one (1) lists the portions leased to Tennessee  which are the arena, restrooms and dressing rooms; secondly, paragraph seven (7) mentions that Psalter must accept the "grounds, exits, entrances, building(s), restrooms, and all other equipment and/or facilities," and must leave these areas in the same condition as found; and third, paragraph four (4) of the contract requires the lessee of the Coliseum to acquire liability insurance covering the show or event on the date of performance and further requires the lessee to show proof of coverage, both of which requirements Tennessee met in entering into an insurance agreement with Balboa on November 1, 1983.
On June 22, 1984, Evelyn Joseph filed this suit presently on appeal, alleging that the defendants were negligent in maintaining the parking lot surrounding the Coliseum or that defendants were negligent in failing to warn of dangers in the parking lot. On September 24, 1984, the plaintiff amended her complaint and added Larry Salter, Psalter and Balboa as defendants.
Motions to dismiss under Rule 12 of the M.R.C.P. were filed by Tennessee, Psalter, Larry Salter, the Mississippi Fair Commission and Balboa, and following a hearing on all the motions the trial court sustained only that of Larry Salter.
Subsequent to the rulings on the motions to dismiss, motions for summary judgment were filed on behalf of the Commission, Tennessee, Psalter and Balboa. The Commission was granted summary judgment on the grounds that it enjoyed sovereign immunity as a political subdivision of the state of Mississippi and, as such, could not be sued therein. Balboa was granted summary judgment on the grounds that it was wrongfully joined as a defendant in the suit. Psalter and Tennessee were granted summary judgment on the grounds that they did not owe a duty to the plaintiff regarding the condition of the premises where appellant, Evelyn Joseph, was injured.
Plaintiff has assigned as error the ruling of the court regarding the granting of summary judgment to the Commission, Psalter, Tennessee and Balboa, and the court's failure to award appellants expenses in connection *374 with the defense of appellees' motions to dismiss.

III.
The requirements as mandated by M.R.C.P. Rule 56(c) provide that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Following adoption of this rule, we interpreted the language contained within a motion for summary judgment first in Brown v. Credit Center, Inc., 444 So.2d 358 (Miss. 1983), in which we noted, while referring to comment made by the advisory committee on the Mississippi Rules of Civil Procedure that:
A motion for summary judgment lies only where there is no genuine issue of material fact; summary judgment is not a substitute for the trial of disputed fact issues. Accordingly, the Court cannot try issues of fact on a Rule 56 motion; it may only determine whether there are issues to be tried... . The trial court must review carefully all of the evidentiary matters before it  admissions and pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If, in this view, the moving party is entitled to judgment as a matter of law, summary judgment should be forthwith entered in his favor. Otherwise, the motion should be denied.
444 So.2d at 362. See also, Modling v. Bailey Homes, Inc., 490 So.2d 887 (Miss. 1986); and Cole v. Wiggins, 487 So.2d 203 (Miss. 1986).
In the case at bar, appellant argues for the existence of a genuine issue of material fact against the motion granted to the Mississippi Fair Commission, in that the Commission is not cloaked from liability because of the doctrine of sovereign immunity, and as a statutorily created agency (Miss. Code Ann. §§ 69-5-1 et seq. (1972)), which was charged with the upkeep and maintenance of the building and grounds, the appellee voluntarily entered into a contract with Tennessee/Psalter for profit, and further that the actions taken by the Commission were proprietary rather than governmental and as such the Commission does not enjoy the immunity set forth in Pruett v. City of Rosedale, 421 So.2d 1046, and later upheld in Mississippi State Department of Public Welfare v. Howie, 449 So.2d 772 (Miss. 1984). Appellant argues in his brief as well that there is no valid legal nor policy reason for the State Fair Commission to be immune from its negligent acts. While this Court would tend to support such an argument, we find it to be unpersuasive at this time for several reasons, the most important of which being that the Mississippi Legislature has again extended the date for sovereign immunity's abrogation to July of 1987.
Appellant's argument includes as well the position that because the Commission required the promoters to furnish liability insurance for the protection of its patrons (or "business invitees" as appellant calls herself), and further because the contract of insurance as requested by the promoters and as written by Balboa Insurance Co. listed the Mississippi Coliseum as an "additional insured", the State Fair Commission has waived the protection of sovereign immunity.
We cannot agree. Because this cause of action arises prior to July 1, 1984, we find that all claims of tort liability against state agencies are barred by the doctrine of sovereign immunity, Pruett, supra, at 1052 and McGoldrick Oil Co. v. Greene County, 446 So.2d 594, 595 (Miss. 1984), absent statutory authority to the contrary. Lowndes County v. Miss. State Highway Dept., 220 So.2d 349 (Miss. 1969). See also, Leflore County v. Big Sand Drainage Dist., 383 So.2d 501 (Miss. 1980).
Further analysis of the impact of decisions handed down prior to Pruett reveals that absent an enabling statute expressly *375 dictating otherwise, there can be no implicit waiver of immunity simply because, assuming arguendo, the Commission obtained liability insurance, which we believe it did not. See e.g., French v. Pearl River Valley Water Supply Dist., et al., 394 So.2d 1385 (Miss. 1981), in which we held in response to appellant's assignment of error that the existence of liability insurance waives, pro-tanto, sovereign immunity, that:
This is a question of first impression in this State. Although the doctrine of sovereign immunity is of common-law origin and was first pronounced in this State by the Supreme Court, we have consistently held since that time that there can be no liability against the State or its political subdivisions or agencies unless it is expressly or impliedly created by statute. We have also held steadfast to the proposition that, although the courts have the authority to abolish the doctrine of governmental immunity, the Legislature is in a better position to limit and restrict claims that can be asserted because the Legislature must provide the ways and means for paying, by taxation or appropriation, such claims it should see fit to allow.
Hence a governmental entity has not waived immunity from suit simply because it has obtained liability insurance without express statutory authority.
Appellant's next argument that Tennessee/Psalter exercised control over the parking lot area and as such the trial court should not have granted to them motions for summary judgment is not well taken, and for the reasons cited below we are not disposed to find any error.
Appellant relies upon McGill v. City of Laurel, 252 Miss. 740, 173 So.2d 892 (1965), in which this Court said that there must be allegations of proof of ownership, possession, and control over a premises in order to give rise to a legal duty owing by defendant to the condition of the premises in question, and submits that Tennessee/Psalter did in fact exercise control over the property by directing the plaintiff to use the property as well as by virtue of the clause in the Coliseum contract mentioning the "grounds" as referred to earlier in this opinion.
In McGill, supra, 173 So.2d at 900, this Court held that there must be allegations of proof of ownership, possession or control over a premises in order to give rise to a legal duty owing by the defendant as to the condition of the premises in question. Our emphasis therein was on the character of control of the premises, rather than on ownership, and we explained such emphasis in that:
The appellant's declaration is insufficient in that it fails to allege ownership, possession, or control, raising a duty in the contractors. This proposition is discussed in 38 Am.Jur. Negligence, § 94 (1941), as follows:
... the liability of an owner or occupant of real estate in reference to injuries caused by a dangerous or defective condition on the premises depends in general upon his having control of the property. In fact, such liability depends upon control, rather than ownership, of the premises. (emphasis added).
As recently as April of 1986, in Wilson v. Allday, 487 So.2d 793 (Miss. 1986), we held that:
§ 12. Liability of the occupant or possessor, generally.
Occupation, or possession, and control is usually one of the attributes that must be shown as a basis for liability on the part of an owner or occupant of premises for injuries resulting from the condition of the premises. The liability of an occupant of real estate for injuries caused by a dangerous or defective condition of the premises depends generally upon his control of the property, whether or not he has title thereto and whether or not he has a superior right to possession of property which is in the possession and control of another.
Wilson, 487 So.2d at 796.
However, in Wilson we determined that unlike McGill, "the question of whether a *376 grocery store tenant occupied and controlled a portion of the parking lot on which the store's business invitee fell and was injured due to a dangerous condition, was a question properly submitted to the jury for determination." In accordance with this rule, under Justice Anderson, we reversed a judgment notwithstanding the verdict granted by the trial court and in so reversing entered judgment for appellant who slipped and fell in the parking lot of the National Food Store in Gulfport when the cart of groceries she was pushing caught its wheel in a pothole.
Yet we may differentiate easily between McGill and the case at bar, in that McGill involved a tenant whose control over and familiarity with the parking facilities adjacent to its store were such as that to equate the tenuous knowledge of the area surrounding the Coliseum held by appellees Tennessee and Psalter would most certainly stretch the limits of our interpretation of the term "control". Too, whereas the tenant in McGill was fully aware of the precarious condition of its parking lot facilities, the appellees Tennessee and Psalter herein were not only unaware of the pothole in which Mrs. Joseph fell, but had and would continue to have no opportunity to inspect the area, given the diligence and efforts by the state who had assumed the responsibility of parking in the area, but who is, as mentioned before, immune from suit for the action filed. Thus, because control was vested solely with the Commission, we find Tennessee and Psalter to be free of any liability for the particular injury claimed by appellant in the area of its occurrence.
As to whether the motion for summary judgment granted to appellee Balboa was properly sustained, we dispose of this assignment of error by citing to a general rule of law in our state which prohibits direct action against a liability insurer when the liability of the insured has not been established. Goodin v. Gulf Coast Oil Co., et al., 241 Miss. 862, 133 So.2d 623 (1961); Cook v. State Farm Mutual Insurance Co., 241 Miss. 371, 128 So.2d 363 (1961). In overruling Burkett v. Globe Indemnity Co., 182 Miss. 423, 181 So. 316 (1938), these cases and the one at bar today effectively prevent third parties to an action such as this from naming an insurance company as a defendant in a case where there is no privity of contract between them.
Appellant's final assignment of error charges the lower court with failure to award expenses, costs and attorney's fees for multiple hearings held in compliance with MRCP Rule 12 motions to dismiss filed by defendants. In her argument appellant claims that the Rule 12 motions are governed as well by Rule 56(h) which allows that if summary judgment is denied the court shall award to the prevailing party the reasonable expenses incurred in attending the hearing of the motion and may, if it finds that the motion is without reasonable cause, award attorney's fees.
Comment to the rules as set forth by the Advisory Committee states that subsection (h) is intended to deter abuse of the summary judgment practice. We are not persuaded by appellant's argument that sanctions rightfully belonging to Rule 56 may in some way be applied to Rule 12, and as such are not inclined to apply said sanctions to the case at bar.
Accordingly, because we have found no reversible error in the trial below, the judgment of the lower court is affirmed.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.